1  June D. Coleman - 191890
   Michele Raley - 173497
2  ELLIS, COLEMAN, POIRIER, LAVOIE,
     & STEINHEIMER LLP
3  555 University Avenue, Suite 200 East
   Sacramento, CA 95825
4  Tel: (916) 283-8820
   Fax: (916) 283-8821
5
6  Attorneys for Defendant CREDIT REGULATING SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT,<br><br>    Plaintiff,<br><br>v.<br><br>JEAN ZEDLITZ,<br><br>    Defendant. | Case No.: C 08-01803 JSW<br><br>**DEFENDANT CREDIT REGULATING SERVICES, INC.'S POINTS AND AUTHORITIES IN SUPPORT OF NOTICE OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**<br><br>DATE:  November 7, 2008<br>TIME:  9:00 a.m.<br>DEPT:  Hon. Jeffrey S. White<br>         Courtroom 2, 17th Floor |

---

DEFENDANT CREDIT REGULATING SERVICES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

# I. STATEMENT OF THE CASE

On April 3, 2008, plaintiff, William Whitsitt, filed a "Complaint Section 1983 False Arrest Wrongful Tow From Private Property" against several defendants, including Jean Zedlitz (Badge No. 1625), Dublin Police Department, R. Lance & Son Towing Storage Agency, City of Dublin, County of Alameda, Credit Regulating Services, Inc. ("CRS"), and 10 unnamed defendants. Plaintiff's 30-page Complaint seemingly alleges constitutional violations surrounding an incident that occurred on an unspecified date, following plaintiff's arrest and seizure of his vehicle on private property. Thereafter, plaintiff spent the night in the Santa Rita Jail which had conditions he considered unacceptable.

The only mention of CRS in plaintiff's Complaint can be found in his prayer for relief ("In conclusion", Complaint, page 29, lines 26-27) wherein plaintiff states: "Credit Regulating Services, Inc. for the false misleading information and ruining of my credit rating and good name by fraud. $400,000 = Four Hundred Thousand Dollars".

On April 25, 2008, plaintiff filed "Amend Complaint Section 1983 to Add Credit Regulating Services, Inc. for Damaging Good Name, Reputation and Credit Rating". Plaintiff requested to "add another cause of action under color of State law" against CRS.

Similar to plaintiff's allegations in his Complaint, the "Amend Complaint" contains nonsensical, and often incomprehensible, recitations of "facts and legal theories". Providing plaintiff with the benefit of doubt, it seems plaintiff is attempting to allege that he is entitled to relief from CRS because negative (or false) information on his credit report has deprived him of the "right to contract under the 14th Amendment" ("Amend Complaint", page 2, lines 2-9); "Filing a false misrepresentation of material fact … against his credit rating" has resulted in damage to him. ("Amend Complaint", page 2, lines 21-26); and that defendant is part of a "conspiracy … with City police and tow agency" in that it was operating under "color of State law" subjecting it to Section 42 U.S.C. section 1983 liability ("Amend Complaint", page 2, lines 11-12; pages 3-4).

As such, defendant Credit Regulating Services, Inc. now moves this Court for an Order dismissing the "Amend Complaint" in its entirety for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

////

DEFENDANT CREDIT REGULATING SERVICES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

## II. ARGUMENT

**A.      Standard for 12(b)(6) Motions.**

A claim may be dismissed because of a failure to state a claim upon which relief can be granted. (Fed. R. Civ. P.12(b)(6).) A 12(b)(6) motion tests the legal sufficiency of a claim or claims stated in a complaint. A "claim" means a set of facts which, if established, entitle the pleader to relief. (*Bell Atlantic Corp. v. Twombley* (2007) __ U.S. __ 127 S. Ct. 1955, 1965.) The Court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy. (*Conley v. Gibson* (1957) 355 U.S. 41, 45-46; *De La Cruz v. Tormey* (9th Cir. 1978) 582 F.2d 45, 48; *SEC v. Cross Fin'l Services, Inc.* (C.D. Cal. 1995) 908 F.Supp. 718, 726-727.) Dismissal is proper when there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory". *Balistreri v. Pacifica Police Dept.* (9th Cir. 1990) 901 F.2d 696, 699; *Graehling v. Village of Lombard, Ill.* (7th Cir. 1995) 58 F.3d 295, 297.

The Court must accept as true all material allegations in the Complaint. (*Pareto v. F.D.I.C.* (9th Cir. 1998) 139 F.3d 696, 699.) However, a court need not accept as true, conclusory allegations or legal characterizations. Also, the Court need not accept unreasonable inferences or unwarranted deductions of fact. (*In re Delorean Motor Co.* (6th Cir. 1993) 991 F.2d 1236, 1240; *Taylor v. F.D.I.C.* (D.C. Cir. 1997) 132 F.3d 753, 762.) Further, the Court does not need to assume that plaintiff can prove facts different from those it has alleged. (*Associated Gen. Contractors of Calif., Inc. v. California State Council of Carpenters, Inc.* (1983) 459 U.S. 519, 526.) As one court has put it, courts need not "swallow the plaintiff's invective hook, link and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." (*Aulson v. Blanchard* (1st Cir. 1996) 83 F.3d 1, 3.)

As set forth below, plaintiff has utterly failed to articulate intelligible, material facts that translate into a recognizable, valid legal theory for which relief against defendant Credit Reporting Services, Inc. can be obtained.

**B.      Plaintiff Fails to State Facts Demonstrating That CRS Violated Plaintiff's 14th Amendment Rights.**

The 14th Amendment of the United States Constitution provides that:

-2-

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United State and of the State wherein they reside. No *State* shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any *State* deprive any person of life, liberty, or property, without due process of law; nor deny any person within its jurisdiction the equal production of the laws.

(U.S. Constitution, Amend. XIV, Art. I (emphasis added).)

Plaintiff claims that he has an inalienable "constitutional right to a good credit report" and that the "falsely-stated credit report" by CRS deprived him of his "right to contract under the 14th Amendment" (Amend Complaint, page 2, lines 4-8). Assuming this is, in fact, the basis of plaintiff's alleged claim against CRS, the 14th Amendment prohibits actions by the <u>State</u>, not private entities such as defendant CRS. (*Lugar v. Edmondson Oil Co., Inc.* (1982) 457 U.S. 922, 924) Further, there is no recognized constitutional right to a "good credit report." As such, Plaintiff fails to state a claim for violation of the 14th Amendment against CRS, and this Court should dismiss Plaintiff's operative complaint as against CRS.

C. **Plaintiff Fails to State Facts That Demonstrate that CRS Violated Plaintiff's Civil Rights under 42 U.S.C. Section 1983.**

Title 42, Section 1983 of the United State Code provides:

> Every person who, under color of the statute, ordinance, regulation, custom, or usage of any state, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to deprivation of rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, sued in equity, or other proper proceeding for redress ... .

( 42.U.S.C. §1983.)

A plaintiff must demonstrate two elements to prove a Section 1983 claim:. First, the plaintiff must prove that defendant has deprived him of a right secured by the Constitution and laws of the United States. Second, the plaintiff must show that the defendant deprived him of constitutional right under color of statute, ordinance, regulation, custom or usage, of any State or Territory. (*West v. Atkins* (1988) 487 U.S. 42, 48.) Here, plaintiff has not articulated facts showing CRS violated any constitutional rights or laws of the United States, as noted above. Thus, plaintiff's claim fails as to the

-3-

1. first prong for recovery.

2. As to the second prong, the plaintiff show that the defendant acted "under color of law." (*Adickes v. Kress & Co.* (1970) 398 U.S. 144, 150.) Private parties ordinarily are not subject to suit under Section 1983, unless, sifting the circumstances of the particular case, the State has so significantly involved itself in the private conduct that the private parties may be fairly termed "state actors." (*Life Ins. Co. of Northern America v. Reichardt* (9th Cir. 1979) 591 F.2d 499, 501.) Courts have recognized various factors to consider when determining whether a private entity is acting "under color of state law":

> Our cases have identified a host of facts that can bear on the fairness of such an attribution. We have, for example, held that a challenged activity may be state action when it results from the State's exercise of "coercive power," *Blum*, 457 U.S., at 1004, 102 S.Ct. 2777, when the State provides "significant encouragement, either overt or covert," *ibid.*, or when a private actor operates as a "willful participant in joint activity with the State or its agents," *Lugar, supra*, at 941, 102 S.Ct. 2744 (internal quotation marks omitted). We have treated a nominally private entity as a state actor when it is controlled by an "agency of the State," *Pennsylvania v. Board of Directors of City Trusts of Philadelphia*, 353 U.S. 230, 231, 77 S.Ct. 806, 1 L.Ed.2d 792 (1957) *(per curiam)*, when it has been delegated a public function by the State, cf., e.g., *West v. Atkins, supra*, at 56, 108 S.Ct. 2250; *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 627-628, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991), when it is "entwined with governmental policies," or when government is "entwined in [its] management or control," *Evans v. Newton*, 382 U.S. 296, 299, 301, 86 S.Ct. 486, 15 L.Ed.2d 373 (1966).

(*Brentwood Academy v. Tennessee Secondary School Athletic Ass'n* (2001) 531 U.S. 288, 296.)

Here, plaintiff has only provided a conclusory allegation that CRS "filed a false fact" against his "credit rating" as his basis of liability. The "Amend Complaint" is completely devoid of any additional factual information. This does meet the burden to allege facts sufficient to establish that CRS was acting "under color of state law." Plaintiff's baseless assertion that CRS was engaged in "conspiracy" because of an alleged agreement <u>between</u> "the City and Tow Agency" is woefully insufficient to state a claim upon relief could be granted. There is no allegation that CRS is controlled or managed by a governmental agency, or that the state is somehow in a joint activity with CRS to credit report. Credit reporting is not a public function, as delegated by the state, or that CRS was

-4-

DEFENDANT CREDIT REGULATING SERVICES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

1  coerced by the State. Nor can Mr. Whitsitt plausibly allege any such facts. Mr. Whitsitt has failed to
2  allege facts sufficient to support either prong of a Section 1983 claim, nor can he. Mr. Whitsitt's
3  complaint as against CRS should be dismissed with prejudice.

**D.   Plaintiff Has Not Stated a Claim for Violation of the Fair Credit Reporting Act.**

Finally, assuming plaintiff has alleged a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") against CRS, he lacks standing to bring a claim for the alleged "filing" of "false" information. (*Nelson v. Chase Manhattan Mortgage Corp.* (9th Cir. 2002) 282 F.3d 1057, 1059-60.) While private enforcement against credit reporting agencies has always been a hallmark of the FCRA, Congress' intent as to furnishers of credit information (i.e., collection agencies) was quite different. The 1997 version of the FCRA imposes specific duties of accuracy and completeness on those who furnish credit information about consumers to credit reporting agencies, but an injured consumer generally possesses no standing to bring a private lawsuit for damages against the furnisher for the accuracy of the information reported. (15 U.S.C. § 1681s-2(c), (d); *Nelson, supra*, 282 F.3d at 1059.)

However, the Ninth Circuit has concluded that consumers may sue furnishers who fail to reasonably investigate a dispute brought to their attention by the credit reporting agencies:

> It can be inferred from the structure of the statute that Congress did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied with the credit information furnished. *Hence, Congress limited the enforcement of the duties imposed by § 1681s-2(a) to governmental bodies. But Congress did provide a filtering mechanism in § 1681s-2(b) by making the disputatious consumer notify a CRA and setting up the CRA to receive notice of the investigation by the furnisher.* See 15 U.S.C. § 1681i(a)(3) (allowing CRA to terminate reinvestigation of disputed item if CRA "reasonably determines that the dispute by the consumer is frivolous or irrelevant"). *With this filter in place and opportunity for the furnisher to save itself from liability by taking the steps required by § 1681s-2(b), Congress put no limit on private enforcement under §§ 1681n & o.*

(*Nelson, supra,* 282 F.3d at 1060 (emphasis added).)

In other words, there is simply no remedy available to a consumer against a furnisher of information, under the FCRA unless the debtor wrote to the credit reporting agency and requested an investigation, and then the credit reporting agency sent notice to the furnisher of the information at

-5-

DEFENDANT CREDIT REGULATING SERVICES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

issue. (See, e.g., <u>Nelson</u>, *supra*, 202 F.3d at 1059-60.)

## III. CONCLUSION

Based on the foregoing, CRS respectfully requests that the Court dismiss Mr. Whitsitt's operative complaint with prejudice. Mr. Whitsitt has failed to raise allegations that would sufficiently support a claim against CRS. There is no constitutional right in credit reporting. CRS is not a state or a state actor, or operating under the color of law. And Mr. Whitsitt has failed to allege a cause of action based on the Fair Credit Reporting Act. Mr. Whitsitt's operative Complaint against CRS fails to state a claim and should be dismissed with prejudice.

Dated: July 28, 2008

                                      ELLIS, COLEMAN, POIRIER, LAVOIE, &
                                        STEINHEIMER LLP

                              By /s/ Michele Raley
                                  Michele Raley
                                  Attorney for Defendant
                                  CREDIT REGULATING SERVICES, INC.

DEFENDANT CREDIT REGULATING SERVICES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

# CERTIFICATE OF SERVICE

I, Jennifer E. Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On July 28, 2008, I served the following document(s) on the parties in the within action:

**DEFENDANT CREDIT REGULATING SERVICES, INC.'S POINTS AND AUTHORITIES IN SUPPORT NOTICE OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

| X | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |
|---|---|

| William J. Whitsitt<br>335 W. Clover Road<br>Tracy, CA 95376 | Attorneys for<br>In Propria Persona |
|---|---|

| X | **VIA ELECTRONIC SERVICE**: The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
|---|---|

| Diane Carlotta Graydon<br>Office of the County Counsel,<br>County of Alameda<br>1221 Oak Street, Suite 450<br>Oakland, CA 94612 | Attorneys for<br>Defendant Jean Zedlitz |
|---|---|

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on July 28, 2008.

By: *Jennifer E. Mueller*
Jennifer E. Mueller

-7-

DEFENDANT CREDIT REGULATING SERVICES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)