WILLIAM J. WHITSITT
335 W. CLOVER ROAD
TRACY, CA 95376
(209) 221-1405
WHITSITTW@GMAIL.COM

IN PROPRIA PERSONA

FILED
08 AUG 18 PM 12: 27
U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO

**WILLIAM J. WHITSITT**
**(PLAINTIFF)**

---------------VS--------------

**Jean Zeditz Badge # 1625 Alameda County Sheriff**

**R Lance & Son Towing Agency**

**City Of Dublin**

**COUNTY OF ALAMEDA**

**Credit Regulating Services**

**10 UNNAMED DEFENDANTS**
**(DEFENDANTS)**

**CASE NO: C08-01803 JSW**

# OBJECTION
# OPPOSITION TO MOTION FOR DISMISSAL OF ACTION PURSUANT TO FRCP 12 (b)(6).

Date: **August 29, 2008**
Time: **10:00 AM**
Courtroom: **G- San Francisco**
Judge: **Jeffery S. White**

I WILLIAM J. WHITSITT, PLAINTIFF IN THIS SECTION 1983 ACTION, DO HEREBY GIVE OPPOSITION TO MOTION FOR DISMISSAL OF ACTION. I MOVE THE COURT TO DENY MOTION FOR DISMISSAL WITH PREJUDICE.

OBJECTION THAT THE TOWING AGENCY HAS NOT FILED A SEPARATE ANSWER TO MY COMPLAINT. I THUS RESERVE THE RIGHT TO REPLY TO THEIR ANSWER TO MY COMPLAINT. ALSO LET OBJECTION BE MADE THAT ANY ATTEMPT BY COUNTY

COUNSEL TO ANSWER FOR TOWING AGENCY AS CONFLICT OF INTEREST.

## (I.) - (<u>INTRODUCTION</u>)

**Plaintiff Does Not Concede that County Defendant acted within Scope of their Authority. I Must OBJECT.** I made No Such Concession whatsoever. A Traffic Stop on a Private Parking Lot and or Private Property, is Not within the Jurisdiction of California Vehicle Code and or City Police Power Jurisdiction and or Authority. **The police power of a state must be exercised in subordination to the provisions of the Federal Constitution. <u>Lake Shore & M. S. R. Co. v Smith</u>, 173 US 684, 19 S Ct 565, 43 L Ed 858**. Thus, there are Constitutional Defined Territorial Jurisdictional Limitations on the Exercise of City Police Powers and California Vehicle Code. Thus, County Defendants did Not Act within their Lawful Authority and Jurisdiction.

There are No State Federal Laws, that may Inhibit My Sovereign Rights except by Law of the Land. See: **<u>Foucha v Louisiana</u>, 504 US 71, 118, L Ed 2d 437, 112 S Ct 1780 (1992).**

> **"Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action."**

Sovereignty means that I am the Author of the Law. It does not however mean that I may act in a way that is Harmful or Violative of other Citizen's Rights.

I am Not sure whatsoever of what the County Counsel is stating: **<u>Page 5</u>, Lines 20 to 27. I Must OBJECT**. I Must also OBJECT to County Counsel's statement: **"Plaintiffs 30 pages of of Allegations are interposed with cut and paste legal citations conclusory allegations and unsupported random assertions."** Elementary Allegation but without Supporting Facts and Examples of their Allegations to Support this Statement. Thus this Court must Deny this Portion and Statement as Completely Inconclusive and Lacking any Supporting Examples or Allegations.

This Statement by County Counsel is WITHOUT LEGAL MERIT. Failure to State a Claim is

Not Contained in **FRCP 12 (b)(6)**. The fallowing Decision that I have Quoted here as well as other Decision, I will not Interpret and Paraphrase them into my own words, I will let those Decisions Speak for themselves without my Interpretation.

> **Under Rule 12 (b) (6), the complaint of a pro se litigant "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Hughes v. Rowe, 449 US 5, 9 (1980) (citing Haines v. Kerner, 404 US 519, 520 (1972)); See Also Conley, 355 US at 45-46. All material allegations in the complaint must be taken as true and construed in the light most favorable to Plaintiff. See: IN Re Silicon Graphics Inc Sec. Lit., 183 F.3d 970, 980 n10 (9th Cir. 1999). The Court may also consider documents attached to the complaint in connection with a FRCP 12 (b) (6), Motion to Dismiss. Parks School of Business, Inc v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). If Motion to Dismiss is granted for failure to state a claim, "leave to amend should be granted..." Schreiber Distrib. Co v. Serve - Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).**

The term: "Failure to State a Claim" is Not Contained in the Above quotes of Stare Decisis, decisions. Pro Se Complaints such as mine are Held to Less Stringent Pleading Standards. See: **Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See Dioguardi v. Durning, 139 F.2d 774 (CA2 1944).**

**In Haines v. Kerner, 404 US 519, Id at 521.**

> **The standard is a liberal one that does not require the Plaintiff to set forth all the factual details of his claim, rather, all the standard requires is that plaintiff give the defendant fair notice of the claim and the grounds for making that claim. Leatherman v. Tarrant County Narcotics Intell & Coord. Unity, 507 US 163, 168 (1993) Citing: Conley v. Gibson, 355 US 41, 47 (1957).**

County Counsel's Allegation of Failure to State a Claim is Lacking Legal Merit and is a Legally Frivolous Statement. My Complaint does contain several Claims with enough Factual details and Fair Notice and Grounds for all my Claims.

This Statement by County Counsel is WITHOUT LEGAL MERIT. Fatal Uncertainty, this Term is Not Contained in **FRCP 12 (b)(6)**. The fallowing Decision that I have Quoted here as well as other Decision, I will not Interpret and Paraphrase them into my own words, I will let those Decisions Speak for themselves without my Interpretation.

> **Under Rule 12 (b) (6), the complaint of a pro se litigant "should not be dismissed for failure to state a claim unless**

**it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Hughes v. Rowe, 449 US 5, 9 (1980) (citing Haines v. Kerner, 404 US 519, 520 (1972)); See Also Conley, 355 US at 45-46. All material allegations in the complaint must be taken as true and construed in the light most favorable to Plaintiff. See: IN Re Silicon Graphics Inc Sec. Lit., 183 F.3d 970, 980 n10 (9th Cir. 1999). The Court may also consider documents attached to the complaint in connection with a FRCP 12 (b) (6), Motion to Dismiss. Parks School of Business, Inc v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). If Motion to Dismiss is granted for failure to state a claim, "leave to amend should be granted..." Schreiber Distrib. Co v. Serve - Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).**

The term: "Fatal Uncertainty" is Not Contained in the Above quotes of Stare Decisis, decisions. Pro Se Complaints such as mine are Held to Less Stringent Pleading Standards. See: **Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See Dioguardi v. Durning, 139 F.2d 774 (CA2 1944). In Haines v. Kerner, 404 US 519, Id at 521.**

## (II) - (STATEMENT OF FACTS)

I Must OBJECT: I have Provided what the Law Requires. On or about October 18, 2008, at about 6:40 PM, my Vehicle was Towed and Seized. I was stopped on a Private Parking lot. I made Several Objections to the Arresting Officer Challenging Her Probable Cause for the Traffic Stop and Subsequent Arrest and Seizing of my Vehicle. I also Served (4) Notices of Objection and Demand for a Forfeiture Hearing with all the Named Defendants.

I Must Vigorously Object to County Counsel's allegation that Failed to State a Claim upon which Relief can be Granted.

## (BRIEF HISTORY OF FACTS)

**On or about October 18, 2008, at about 6:40 PM, my Vehicle was Towed and Seized. I was stopped on a Private Parking lot.**

**I come to this Federal District Court to Seek Remedy for a Towing and Seizing My Private Property under the Color and Guise of State Law, in Violation of Due Process of Law. My Private Property was Towed and Seized from the Private Parking area and Private Property. The Vehicle Code has No Jurisdiction over a Private Parking Lot. Let also Judicial Notice be taken here, that the Named Police Officer is an Alameda County Sheriff's Deputy.**

**The Towing from Private Parking Lot under the Color and Authority of the California Vehicle Code is Unlawful and Unconstitutional and it Violates the Fourteenth Amendment Right to Taking of Property without Due Process of Law. It further Violates the Fourth Amendment Right to be Free**

**from Unlawful Seizures of Private Property without a Seizure Warrant. The Owner of Parking did Not File a Complaint or Call the Named Dublin Police Officer who is in Reality a Alameda County Sheriff Deputy. Thus No Probable Cause for Seizure of my Vehicle (Private Property). The Authority under the California Vehicle Code to Tow form Private Property (Parking Lot) does Not Exist. Thus Wrongful and Unlawful Tow from Private Property.**

**See: Ann. Cal. Vehicle Code § 22852.-Id. U.S.C.A. Const.Amend. 14. Perry v. Village of Arlington Heights, 905 F. Supp. 465.**

**The California Vehicle Code has NO JURISDICTION upon a Private Parking Lot or Private Property that is Not Owned by the Public. Thus Rendering the Tow as Unlawful And Unauthorized. City Ordinances that Grant Police Powers and Vehicle Code Jurisdiction to a Private Parking Lot are Unconstitutional on their Face and without Lawful Affect. The Towing of my Vehicle from a Private parking Lot for a Vehicle Code and or Penal Code Violation is Unlawful and a Misuse of Power possessed by State Law.**

**The Named Defendant Police (Deputy Sherif) was told by me that I was a Private Parking Lot (Private Property) and the Vehicle Code has No Jurisdiction. I made this Claim 3 times to this Deputy Sherif. She just stated to me they have an agreement with Property Owners to enforce California Vehicle Code. That argument does Not hold water.**

I do hereby present these other facts of the Case to be Presented to this Court.

* **On this Basis Officers placed Plaintiff under Arrest and Towing and Seizing of my Vehicle.** The Probable Cause for the Arrest is being Challenged and thus Not a Fact to be Presented to this Court. Thus, Probable Cause for Impoundment is being Challenged and it is thus, Not a Fact that has been Proven as Factual. The Probable Cause of my Arrest and Impoundment of my Vehicle is Not Valid and it is being Challenged.

I have No other Valid way to Challenge Probable Cause of the Traffic Stop on Private Parking Lot and Private Property, except to Challenge by Section 1983 Action.

**"the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty," Gerstein v. Pugh, 420 U.S. 103 at 114 (1975), "either before or promptly after arrest," Gerstein v. Pugh, 420 U.S. 103 At 125 (1975). COUNTY OF RIVERSIDE v. McLAUGHLIN, 500 U.S. 44 (1991)**

One Major Issue of Material Fact is No Probable Cause can be derived from Lack of Vehicle Code Jurisdiction, for a Traffic Stop, upon a Private Parking Lot and or Private Property. A Seizure without Lawful Probable Cause and Jurisdictional Authority of Police Powers Violates the Fourth and Fourteenth Amendments. Thus, establishing by Violation of a Clearly

Established Constitutional and Civil Right a Cause of Action under the Color and Guise of State Law (Section 1983).

* This gives rise to Very Section 1983 Cause of Action because California Law offers No Opportunity to Challenge Probable Cause of Police Stop and Subsequent Unlawful and Unreasonable Seizure of my Vehicle. See: **<u>IN KRIMSTOCK v SAFIR</u>, (2 Cir. 2000), Docket No. 00-9488 , 2000 WL 1702035.**

> **that there is a right to an adversarial preliminary hearing after the seizure to determine whether probable cause exists to believe that such property has been or is being used in violation of the Florida Contraband Forfeiture Act.'" <u>Florida v. White</u>, 526 U.S. 559, 562 n.2 (1999).**

The Right to a Full Adversarial type Hearing with Witnesses, Testimony to Determine Probable Cause for Seizure of my Vehicle and Person and Determination of Validity of Arrest Warrant is a Constitutional Right.

> **The Fourth Amendment, made applicable to the States by the <u>Fourteenth</u>, <u>Ker v. California</u>, 374 U.S. 23, 30 (1963), provides in pertinent part that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. . . ." In <u>SOLDAL v. COOK COUNTY</u>, 506 U.S. 56 (1992). <u>IN KRIMSTOCK v SAFIR</u>, (2 Cir. 2000), Docket No. 00-9488, 2000 WL 1702035, at 36-37.**

The California Vehicle Code does Not give Authority to bypass the Fourth Amendment Requirements of a Seizure Warrant to Impound my Vehicle upon a Private Parking Lot or Private Property for (30) Days.

The Tow Hearing where there is No Adversarial type of Probable Cause Hearing in Front of an Administrative Judge, Violates the Fourth Amendment and Fourteenth Amendment Right to Unreasonable Seizure of my Vehicle and Due Process of Law. I am unable to recover the Continued and Past Loss of my Vehicle in Violation of the Fourth Amendment.

> **<u>Mathews</u>, 424 U.S. at 340, an owner cannot recover the lost use of a vehicle by prevailing in a forfeiture proceeding. The loss is felt in the owner's inability to use a vehicle that continues to depreciate in value as it stands idle in the police lot. Cf. <u>Property Clerk v. Duck Jae Lee</u>, 183 Misc. 2d 360, 363, 702 N.Y.S.2d 792, 795 (Sup. Ct. N.Y. Co. 2000)**

I claimed Hardship from the First Notice and Warning and I Demanded a Full Forfeiture

Hearing to Determine Probable Cause and to Satisfy Due Process of Law Fourteenth Amendment.

* The Towing and Storage Fees and the $ 150.00 and other related Fees Total well over $ 1500.00 for 15 days of Unlawful and Unconstitutional Hold of my Vehicle. I was Unemployed at the time and Unable to Pay the Towing, Administrative and Storage Fees of $ 225.00, to Recover my Vehicle.

The other Statement of Facts presented by the County Counsel are Correct enough to Not Object to.

## (III) - (ARGUMENT)

### (D.) - (PLAINTIFFS COMPLIANT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM)

**I Must OBJECT:**

This Argument that I failed to State a Claim upon which Relief can be Granted is Without Merritt and is Frivolous.

### (a) - (12(b)(6) Standard)

**I Must OBJECT:**

This Statement by County Counsel is WITHOUT LEGAL MERIT. Fatal Uncertainty, this Term is Not Contained in **FRCP 12 (b)(6)**. The fallowing Decision that I have Quoted here as well as other Decision, I will not Interpret and Paraphrase them into my own words, I will let those Decisions Speak for themselves without my Interpretation.

> Under Rule 12 (b) (6), the complaint of a pro se litigant "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Hughes v. Rowe, 449 US 5, 9 (1980) (citing Haines v. Kerner, 404 US 519, 520 (1972)); See Also Conley, 355 US at 45-46. All material allegations in the complaint must be taken as true and construed in the light most favorable to Plaintiff. See: IN Re Silicon Graphics Inc Sec. Lit., 183 F.3d 970, 980 n10 (9th Cir. 1999). The Court may also consider documents attached to the complaint in connection with a FRCP 12 (b) (6), Motion to Dismiss. Parks School of Business, Inc v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). If Motion to Dismiss is granted for failure to state a claim, "leave to amend should be granted..." Schreiber Distrib. Co v. Serve - Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

The term: "Fatal Uncertainty" is Not Contained in the Above quotes of Stare Decisis, decisions. Pro Se Complaints such as mine are Held to Less Stringent Pleading Standards. See: **<u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). See <u>Dioguardi v. Durning</u>, 139 F.2d 774 (CA2 1944). In <u>Haines v. Kerner</u>, 404 US 519, Id at 521.**

> **The standard is a liberal one that does not require the Plaintiff to set forth all the factual details of his claim, rather, all the standard requires is that plaintiff give the defendant fair notice of the claim and the grounds for making that claim. <u>Leatherman v. Tarrant County Narcotics Intell & Coord. Unity</u>, 507 US 163, 168 (1993) Citing: <u>Conley v. Gibson</u>, 355 US 41, 47 (1957).**

Thus, nowhere does the Statement: "Fatal Uncertainty" Exist.

## ***<u>STANDARDS OF REVIEW:</u>***

* The Standards of Review for Dismissal by a Defendants is very Strict and High, and it is Rarely Granted. See: **See <u>2A Moore's Federal Practice</u> 12.08 (2d ed. 1948 & Supp.1984), in <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236, 94 S. Ct. 1683, 2686, 40 L. Ed. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1979); <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct 99, 101-102, 2 L. Ed. 80 (1957); <u>Hagans v. Lavine</u>, 415 U.S. 528, 536-537 (1974) (complaint that fails to state a claim may not be dismissed for want of subject-matter jurisdiction unless it is frivolous).** All allegations and Claims, Causes of Action must be taken as True. See: **<u>IN Re Silicon Graphics Inc Sec. Lit.</u>, 183 F.3d 970, 980 n10 (9th Cir. 1999); <u>Hughes v. Rowe</u>, 449 U.S. 5, 10 (1980); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1979); see also <u>5 Wright C Miller, Federal Practice and Procedure 6 1357 (1969)</u>. "The Plaintiff is entitled to all favorable inferences which may be drawn from [the] allegations. Scheuer v. Rhodes, 416 U.S. 232, 236."**

* Pleadings Standards for Pro Se Complaints less Stringent, See: **Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See Dioguardi v. Durning, 139 F.2d 774 (CA2 1944). In Haines v. Kerner, 404 US 519, 521.** Pro Se Complaints must be Liberally Construed, see: ***<u>On a motion to dismiss, a pro se complaint must be liberally construed</u>*. See <u>Platsky v. Central Intelligence Agency</u>, 953 F.2d 26, 28 (2d Cir. 1991); see also <u>Hughes v. Rowe</u>, 449 U.S. 5, 9-10 (1980).**

* Any one Claim that presents Claim upon Which Relief can be granted, will alone deny

Defendants Motion for Dismissal. See: ***So construed, the complaint sufficiently alleges a claim and defendant's motion on this ground is denied.*** **See Platsky v. Central Intelligence Agency, 953 F.2d 26, 28 (2d Cir. 1991); see also Hughes v. Rowe, 449 U.S. 5, 9-10 (1980).**

* Pro Se Complaints should Not be Dismissed for Failure to State a Claim. See: ***Under prevailing law a "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"*** **(Hughes v. Rowe, 449 U.S. 5, 10 (1980 ); Scheuer v. Rhodes, 416 U.S. 232, 236 (1979); Conley v. Gibson, 355 U.S. 41, 45 (1957).**

* **IF and I Mean IF** at the Very Minute Chance that my Complaint might be Dismissed then Leave to Amend MUST BE GRANTED. See: " **Schreiber Distrib. Co v. Serve - Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986). This Remedy is Very Highly UNLIKELY.**

* I am Not Required to Prove all my Allegations and Claims, Causes of Action at the Complaint Pleadings Level. See: **dismissals prior to giving the plaintiff ample opportunity for discovery should be granted very sparingly. HOSPITAL BLDG. CO. v. REX HOSPITAL TRUSTEES, 425 U.S. 738 (1976). The issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974).**

* Cognizable Legal Theory. This is Not a Statement that I have seen in any Decision of Case Law Precedents whatsoever. The Standard I must meet here is: **all the standard requires is that plaintiff give the defendant fair notice of the claim and the grounds for making that claim. Leatherman v. Tarrant County Narcotics Intell & Coord. Unity, 507 US 163, 168 (1993);** See also: **Hughes v. Rowe, 449 U.S. 5, 10 (1980 ); Scheuer v. Rhodes, 416 U.S. 232, 236 (1979); Conley v. Gibson, 355 U.S. 41, 45 (1957). LEATHERMAN v. TARRANT COUNTY NICU, 507 U.S. 163 (1993); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980).**

Thus Rendering Counsels Claims here without legal Merit, the Court must Deny Motion for Dismissal with Prejudice as a Matter of Law, Rule , Case Law Precedents and Right.

**(b.) - (Plaintiff Has Failed to Allege Sufficient Facts to State a**

## Section 1983 Claim against County Defendants)

I MUST OBJECT:

*(I) Plaintiff Has Failed to Allege Facts to Support a Violation of his Constitutional Rights by County Defendants Policy, Customs or Practices.*

**I Must OBJECT:**

* **(I-1) - (Fourth Amendment)**

The Unlawful Seizure (Hold) of my Property without Seizure Warrant and Probable Cause hearing, and the Right to Challenge that Seizure Establishes Cause of Action under Section 1983. I was Denied Post-Seizure and Pre-judgment Hearing to Challenge Probable Cause of (1) day Seizure (Hold) of my Vehicle (Private Property). This alone establishes Section 1983 Cause of Action. See: **Krimstock, 2000 WL 1702035, at 36-37.**

> **Mathews, 424 U.S. at 335. The particular deprivation with which we are concerned here is the City's post-seizure, pre-judgment retention of plaintiffs' vehicles. Krimstock, 2000 WL 1702035, at 36-37.**

The Fourth Amendment applies to all Civil Seizures.

> **It is true, of course, that the *Fourth Amendment applies to searches and seizures in the civil context*, See Camara v. Municipal Court of San Francisco, 387 U.S. 523 (1967) In: UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S. 43, Id, at 50 (1993)**

> **The Fourth Amendment, made applicable to the States by the Fourteenth, Ker v. California, 374 U.S. 23, 30 (1963), provides in pertinent part that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. . . ." In SOLDAL v. COOK COUNTY, 506 U.S. 56 (1992). IN KRIMSTOCK v SAFIR, (2 Cir. 2000), Docket No. 00-9488, 2000 WL 1702035, at 36-37.**

This alone establishes Section 1983 Cause of Action. See: **Krimstock, 2000 WL 1702035, at 36-37.**

*(I) - Plaintiff has Failed to Allege Facts to Support a Violation of His Constitutional Rights by County Defendant's Policies, Customs or Practices.* **I Must OBJECT.**

I really Need Not Allege and Policies or Practices that Violated my Constitutional Rights. I need Only to Allege Acts which Violated my Constitutional and Civil Rights. I will explain my Causes of Action and how the Named County Defendants Acts Violated my Constitutional

Rights: The Arrest Towing and Seizing of my Vehicle without Proof of any Convictions whatsoever of **California Vehicle Code Section 14601.1** . This would Violate the Constitutional Guaranty of Innocense until Proven Guilty. The Named Police officer Clearly had to have known that her Action pursuant to County and City Police Clearly Violate Established Constitutional and Civil Rights. See: **Saucier v. Katz, (U.S. 2001), 533 U.S. 194, 121 S. Ct. 2151; Wilson v. Layne, (U.S. Md. 1999) 526 U.S. 603, 119 S. Ct. 1692.** False Arrest, Imprisonment and Unlawful Towing and Seizing of my Vehicle in Deplorable Conditions Clearly Violate the Established Fourth and Fourteenth Amendment Rights. **Thus, this Claim and or Allegation must be Denied with Prejudice.**

**Thus County Counsel Claims are without Legal Merit and are Legally Frivolous and must be Denied with Prejudice.**

***(ii) - Plaintiff Has Failed to Identify any Alleged Constitutional Violation.***

**I Must OBJECT.**

I have presented more than one Claim and or Cause of Action under the Color and Guise of State Law thus County Counsel's Alleged Claim **Here is without Legal Merit and is Legally Frivolous and must be Denied with Prejudice.**

**(# 1.) - (WRONGFUL TOW OF MY VEHICLE FROM PRIVATE PROPERTY).**

The Fourth and Fourteenth Amendment Rights Require and Demand Probable Cause for Seizing and Towing Private Property (My Vehicle). Towing and Seizing of my Vehicle (Private Property) from a Private Parking Lot, and or Private Property, Requires more than mere Probable Cause to be Legitimate under the Fourth and Fourteenth Amendments.

To this Point Claim and Cause of Action, we know that according to Lawful Jurisdiction and Police Power Authority it is Territorial and Jurisdictional. For Police Action taken, it must be done within Territorial Jurisdictional Limits Police Power Authority. A tow and or other Act outside of Territorial Jurisdiction Limits and or Boundaries, Constitutes an Action outside of

Authority and Jurisdiction. Then that act, Tow whatever becomes a Non-Police Action outside of Authority and Jurisdiction. (Misuse of or Acting in Excess of Power Possessed by State Law. See: **Henig v. Odorioso, C.A. 3 (Pa.) 1967, 385 F.2d 491, certiorari denied 88 S. Ct. 1269, 390 U.S. 1016, 20 L. Ed.2d 166, rehearing denied 88 S. Ct. 1814, 391 U.S. 929, 20 L. Ed.2d 671**. Thus, this is a Legitimate Claim and Cause of Action upon which Relief can be Granted. **When a Police officer acts outside of Authority and Jurisdiction of City or County Police Powers, is not entitled to Claim Qualified or Good Faith Immunity, see: Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).** Wrongful Tow outside of Territorial Jurisdictional Boundaries of Police Power Authority constitutes Misuse of Power Possessed by State Law or Under the Color and Guise of State Law. Misuse of, Acting in Excess of and or in Lack of Authority, Jurisdiction of Police Powers Under the Color and Guise of State Law Qualifies as a Cause of Action Under Section 1983.

> **Misuse of power, possessed by virtue of state law and made possible only because wrongdoer is clothed with authority of state law, is action taken "under color of any statute", within this section. Henig v. Odorioso, C.A. 3 (Pa.) 1967, 385 F.2d 491, certiorari denied 88 S. Ct. 1269, 390 U.S. 1016, 20 L. Ed.2d 166, rehearing denied 88 S. Ct. 1814, 391 U.S. 929, 20 L. Ed.2d 671. See, also, Basista v. Weir, C.A. 3 (Pa.) 1965, 340 F.2d 74; Baldwin v. Morgan, C.A. Ala.1958, 251 F.2d 780; Geach v. Moynahan, C.A. Ill.1953, 207 F.2d 714; Picking v. Pennsylvania R. Co., C.C.A. Pa.1945, 151 F.2d 240, rehearing denied 152 F.2d 753; Nugent v. Sheppard, D.C. Ind.1970, 318 F. Supp. 31.**

Thus, a Cause of Action and Claim under Section 1983 is Established, and a Claim upon which Relief can be granted.

The Named [1]Police Officer's did Order the Unlawful Tow outside of City of Dublin and Alameda County Territorial and Jurisdictional Boundaries of Authority - Lack of Probable Cause and Without Seizure Warrant in Violation of the Fourth and Fourteenth Amendments. Violation of the Fourth and Fourteenth Amendments under the Color and Guise of State Law, County and City Ordinance Establishes Cause of Action and or Claim under Section 1983. See: **United States v. Valdes, 876 F.2d 1554 (1989)**; **UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S. 43, Id, at 50 (1993)**. A Simple Holding, (Seizing) My Vehicle (Private Property) without Fourth

[1] **Dublin Police Officer are Alameda County Sheriffs Contracted to Dublin Police Services.**

Amendment Seizure Warrant and or Full Adversarial Hearing in Front of Real Judge; would Establish a Claim and or Cause of Action under Section 1983; upon which Relief can be Granted, Alone.

**(# 2.) - (<u>FALSE ARREST FROM PRIVATE PROPERTY</u>)**

The California Vehicle Code has No Jurisdiction upon a Private Parking Lot and or Private Property. Thus, No Probable Cause can be Derived from the California Vehicle Code for Probable Cause for Arrest from Private Property.

To this Point Claim and Cause of Action, we know that according to Lawful Jurisdiction and Police Power Authority it is Territorial and Jurisdictional. For Police Action taken, it must be done within Territorial Jurisdictional Limits Police Power Authority. A tow and or other Act outside of Territorial Jurisdiction Limits and or Boundaries, Constitutes an Action outside of Authority and Jurisdiction. Then that act, Tow whatever becomes a Non-Police Action outside of Authority and Jurisdiction. (Misuse of or Acting in Excess of Power Possessed by State Law. See: **Henig v. Odorioso, C.A. 3 (Pa.) 1967, 385 F.2d 491, certiorari denied 88 S. Ct. 1269, 390 U.S. 1016, 20 L. Ed.2d 166, rehearing denied 88 S. Ct. 1814, 391 U.S. 929, 20 L. Ed.2d 671**. Thus, this is a Legitimate Claim and Cause of Action upon which Relief can be Granted. **When a Police officer acts outside of Authority and Jurisdiction of City or County Police Powers, is not entitled to Claim Qualified or Good Faith Immunity, see: Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).** Wrongful Arrest outside of Territorial Jurisdictional Boundaries of Police Power Authority constitutes Misuse of Power Possessed by State Law or Under the Color and Guise of State Law. Misuse of, Acting in Excess of and or in Lack of Authority, Jurisdiction of Police Powers Under the Color and Guise of State Law Qualifies as a Cause of Action Under Section 1983. False Arrest without Probable Cause or Outside of Jurisdictional Territorial Boundaries of Authority Firmly Establishes a Claim, Cause of Action under Section 1983, upon which Relief can be Granted. Any Fourth or Fourteenth Amendment Violation under

Color and Guise of State Law, County or City Ordinance give rise to a Section 1983 Claim and or Cause of Action. See: **Washington v. Summerville, 127 F.3d 552, 559 (7th Cir. 1997), cert. denied, 118 S. Ct. 1515 (1998); Reed, 77 F.3d at 1053-54. Hutton v. Strickland C.A.11 (Fla.) 1990, 919 F.2d 1531.**

**Katz v. U.S., Ca. 1967, 389 US 347, 88 S. Ct. 507, 19 L. Ed. 2d 576. See Also: State v. Nabarro, 1974, 525 P.2d 573, 55 Haw. 583; U.S. v. Nevarez-Alcantar, C.A. N.M. 1974, 495 F.2d 678, Cert. Den., 419 US 878, 95 S. Ct. 141; Shaffer v. Wilson, C.A. Col. 1975, 523 F.2d 175, Cert. Den., 427 US 912, 96 S. Ct. 3198.**

**Notice must be taken here that False, Wrongful Arrest alone can Establish a Claim and or Cause of Action under Section 1983 upon which Relief can be Granted.**

**(# 3.) - (SEIZING OF VEHICLE PROPERTY IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS).**

The Seizing of my Vehicle (Private Property) from a Private Parking Lot and or Private Property Lacks any California Vehicle Code Probable Cause for the Seizure. Thus Violation of a Clearly Established Constitutional Right. See: **U.S.C.A. Const. Amend. 14. Carella v. California, 109 S. Ct. 2419, 105 L. Ed.2d 218, rehearing denied 110 S. Ct. 23, 106 L. Ed.2d 636, U.S. Cal. 1989; Barnes v. U. S., 93 S. Ct. 2357, 412 U.S. 837, 37 L. Ed.2d 380.** This alone Establishes Claim under Section 1983 upon which Relief can be Granted.

**(# 4.) - (ACTION UNDER THE COLOR OF STATE LAW).**

This Cause of Action just verifies that Actions, Claims and Causes of Action where under the Color of State Law; County and City Ordinance. Acting in Excess or in Lack of Jurisdiction and or Authority in Violation of Clearly Established Constitutional and Civil Rights Establish a Claim and Cause of Action under which Relief can be Granted under Section 1983.

* **(# 5.) - (CITY OF DUBLIN CALIFORNIA AND POLICE DEPARTMENT AUTHORITY USED IN SEIZURE OF MY PERSON AND VEHICLE PROPERTY).**

The Named Police Officer and other Named Defendants did Act under the Authority and Policy of the County of Alameda and City of Dublin. Thus, Establishing a Claim or Cause of Action under the Color and Guise of State Law pursuant to a County or City Ordinance

Policy or Custom. **Section 1983 Claim upon which Relief can be Granted is Established.**

**(# 6.) - (FALSE IMPRISONMENT BY ALAMEDA COUNTY SANTA RITA JAIL).**

False Arrest by County of Alameda and City of Dublin in Santa Rita Jail, like false Arrest is Actionable Under Section 1983. False Imprisonment is however a Separate Claim and or Cause of Action under Section 1983 from False Arrest. I was Falsely Held Imprisoned without Lawful Probable Cause in Violation of the Fourth Amendment at Santa Rita Jail. See: **COUNTY OF RIVERSIDE v. McLAUGHLIN, 500 U.S. 44 (1991).** False and or Wrongful Imprisonment under the Color and Guise of State Law, County or City Ordinance give rise to a Section 1983 Claim and or Cause of Action; upon which Relief can be Granted. False Imprisonment sounds like the same Claim and or Cause of Action of False Arrest, but it isn't. This is a whole Separate Different Claim. This Claim and or Cause of Action goes beyond Arrest it is the Actual Wrongful and False Imprisonment that lies from the fruits of False Arrest. **False Imprisonment Under the Color and Guise of State Law, County or City Ordinance Constitutes a Section 1983 Claim upon which Relief can be Granted.**

**(# 7.) - (CRUEL AND UNUSUAL PUNISHMENT).**

Imprisoned against my will and over my Objection Unlawfully in Deplorable Conditions that defy the Rights of Human Decency and place in Unhealthy and Dangerous Conditions firmly Establish a Cause of action under Section 1983. See: **County of Riverside v. D. McLaughlin, 500 U.S. 44, 114 L. Ed.2d, 49 at 50**. A imprisonment even for short duration in Deplorable conditions can Constitute a Cruel and Unusual punishment. See: **ROBINSON v. CALIFORNIA, 370 U.S. 660 (1962).**

**(# 8.) - DENIAL OF FORFEITURE HEARING**

I Demanded for (4) Times in a Timely manner the Inalienable Constitutional Due Process Right to a Forfeiture Hearing. The County of Alameda, City of Dublin Police Services and the Named Creditor: Credit Regulating Services all Denied without even Acknowledging and or Even

Responding to this Demanded for Right. Whatever Name they give to a Forfeiture of Private Property without Due Process of Law (Full Forfeiture Hearing), Lien Sale is a Denial of Clearly Established Constitutional and Civil Right. See: UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S. 43, Id, at 50 (1993); SOLDAL v. COOK COUNTY, 506 U.S. 56 (1992). IN KRIMSTOCK v SAFIR, (2 Cir. 2000), Docket No. 00-9488, 2000 WL 1702035, at 36-37. **Thus, Clearly Establishing a Claim and or Cause of Action under Section 1983 upon which Relief can be Granted.**

**(# 9.) - CONSPIRACY UNDER THE COLOR OF LAW.**

The Interference with the Right to Travel and the Right to Own, Possess, and Retain my Vehicle (Private Property) By 2 or more Pursuant thereof a Conspiracy with a Private Named Defendant clearly establishes a Claim and or Cause of Action under Section 1983. I have established that 2 or more acted pursuant thereof a Conspiracy. See: United States v. Pemberton, 853 F.2d 730, 733 (9th Cir. 1988); United States v. Bloch, 696 F2d 1213 (9th Cir. 1982); Laird v. Tatum, 408 U.S. 1, at 51. **Thus, establishing a Claim and or Cause of Action Pursuant to a Conspiracy under Section 1983 upon which Relief can be Granted.**

**I have presented more than one Claim and or Cause of Action under the Color and Guise of State Law thus County Counsel's Alleged Claim Here is without Legal Merit and is Legally Frivolous and must be Denied with Prejudice.**

**(1.) - Towing, Arrest, Vehicle Seizure and Hold Did Not Violate Plaintiffs Constitutional Rights.** I Must OBJECT.

Arrest without Lawful Authority, Jurisdiction and Probable Cause upon a Private Parking Lot and or Private Property did Violate My Fourth and Fourteenth Amendment Constitutional and Civil Rights. I must Object here, because I have Presented more than enough Allegations and Claims to Fulfill my Requirements in the Complaint of: all the standard requires is that plaintiff give the defendant fair notice of the claim and the grounds for making that claim. Leatherman v. Tarrant County Narcotics Intell & Coord. Unity, 507 US 163, 168 (1993); See also: Hughes v. Rowe, 449 U.S. 5, 10 (1980 ); Scheuer

v. Rhodes, 416 U.S. 232, 236 (1979). **Thus, this Claim Alleged by County Counsel is False and Lacking Legal Merit and is thus, Legally Frivolous and must be Denied with Prejudice.**

**(2.) - <u>Conditions of Overnight Confinement at Santa Rita Jail do Not State a Claim of Cruel and Unusual Punishment</u>.** **I Must Object.**

I have read that Alameda County has been Cited several times for Overcrowding of Cells and many other Numerous Violations Health, Sanitation and Safety Requirements. I will list my Objections Claims to their Cruel and Unusual Punishment and Violations of Basic Human Fundamental Requirements. I will let the Quoted Description from my Complaint do all the talking here:

> The First Cell I was Detained in was Dirty and Filthy with old Food on the Floor, A Dirty and Unhealthy Toilet with Drinking Water above that Toilet. Is this Humane Treatment and Dignity being shown to me? A Dirty Cell with a Phone that doesn't work for 5 hours, this is the First Cell. The Second Cell, Dirty with 25 Men in a 12 by 18 Cell with a Dirty Toilet and a Drinking Fountain that is Dirty above that Toilet. No place to sleep except hard cement floor too many man in this cell, overcrowded. The third Cell 6 Men Imprisoned in a Cement Cell without Sleeping Necessities such as Mattress, Pillow, and Blanket for comfort and the Protection of Life. Being forced to sleep in Cold Cell on Cold, Hard Cement Floors or Bench with No Blankets, Pillow or Mattress is INHUMANE. I am being Punished in In-Humane Cells and Sleeping Quarters because I Violated the California Vehicle Code upon Private Property. It was also a Night that the City Police (Sheriff Deputies) had to Arrest as many People as possible to make more money for the City of Dublin. In-Humane Treatment and All, and Punishment for Misdemeanor Crimes. 356 U.S. at 99-100. <u>Estelle v. Gamble</u>, supra, at 102, quoting <u>Jackson v. Bishop</u>, 404 F.2d 571, 579 (CA8 1968).
>
> The idea Cruel and Unusual Punishment in Inhumane and Unhealthy and Denied the basic Fundamental Needs for the protection of Life and being Held against my Will Unlawfully is Deprivation and Punishment at the Highest Level.

**The Eighth Amendment's ban on inflicting cruel and unusual punishments, made applicable to the States by the Fourteenth Amendment, "proscribe[s] more than physically barbarous punishments." <u>Estelle v. Gamble</u>, 429 U.S. 97, 102 . It prohibits penalties that are grossly disproportionate to the offense, <u>Weems v. United States</u>, 217 U.S. 349, 367 , *as well as those that transgress today's "`broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'"* <u>Estelle v. Gamble</u>, supra, at 102, quoting <u>Jackson v. Bishop</u>, 404 F.2d 571, 579 (CA8 1968). Confinement in a prison or in an isolation cell is a form of punishment subject to scrutiny under Eighth Amendment standards. <u>HUTTO v. FINNEY</u>, 437 U.S. 678 (1978).**

Confinement in Intolerable Uncivilized and Unhealthy Situations as Santa Rita Jail has been Noted for in the Past for one day can be Cruel and Unusual Punishment. See: <u>ROBINSON v. CALIFORNIA</u>, 370 U.S. 660 (1962).

Let us Not forget that I was Unlawfully in Violation of the Fourth and Fourteenth Amendment Rights Falsely Imprisoned to begin with. This Constitutes another form of Cruel and Unusual Punishment. See: **Estelle v. Gamble, 429 U.S. 97, 102**. This more than dispels County Counsels Argument and Claim here. It allows for Arrest of a Citizen for an Alleged Misdemeanor Civil Charge on an Information from California D.M.V. without Proof of a Conviction and or Indictment on that Information. At the Common Law which still is in Existence in California the Common Law limits the Civil Law and Procedure. See: **Ex. parte Grossman, 267 U.S. 87, 108.** 5See also: **Gray v. Sutherland, (1954), 124 C.A.2d 280, 268 P.2d 754.**

The Eight Amendment is Not the only Source of Cruel and Unusual Punishment protected against by the Fourteenth Amendment. See: **HUTTO v. FINNEY, 437 U.S. 678 (1978).**

I have Submitted to this Court in my Complaint more than enough of the Required Allegation and Claim to sustain the Right to have this Cruel and Unusual Punishment Cause of Action and Claim Litigated and heard by this Court. **I Move the Court Deny Dismissal of this Claim.**

**(3.) - Plaintiff was Granted a Tow Hearing.** I Must OBJECT.

Yes I was Granted some sort of Tow Hearing under Equity and yet I was Denied my Common Law and Constitutional Right to Challenge Fourth and Fourteenth Amendment Probable Cause and Full Due Process Hearing. A one Sided Hearing in Front a Police Hearing Officer affords No True Due Process of Law and Fairness. I was Denied the Right to Challenge Probable Cause for the Traffic Stop on the Private Parking Lot. I was Denied the Administrative Procedures Act Procedural Right to Cross Examine the Police Officer and to Present Evidence in Support of my Right. This is Not what the Fourteenth Amendment Calls Due Process of Law. See:

> **and an effective opportunity to defend by confronting any adverse witnesses and by presenting arguments and evidence... These rights are important in cases...challenged...as resting on incorrect or misleading factual premises or on misapplication of rules or policies to the facts of particular cases." Goldberg v. Kelly, 397 U.S. 254 (1970). "And, of course, an impartial decision maker is essential." Cf In re Murchison, 349 U.S. 133 (1955); Wong Yang Sang v. McGrath, 399 U.S. 33,45-46 (1950). "In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses. E.g., ICC v. Louisville**

**& N.R. Co., 227 U.S. 88, 93-94 (1913) 503 US L. Ed 2nd 391(1992), Willner v. Committee on Character and Fitness, 373 U.S. 474,496-497 (1959)"**

The U.S. Supreme Court has given authorization to a Tow Hearing in most matters for a Temporary Deprivation, but once Probable Cause of the Fourth and Fourteenth Amendment have been Challenged, and or a Permanent Deprivation could occur, then a Simple Tow Hearing will Not Satisfy Heightened Due Process Requirements. See: **Camara v. Municipal Court of San Francisco, 387 U.S. 523 (1967) In: UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S. 43, Id, at 50 (1993) Krimstock, 2000 WL 1702035, at 36-37**. The risk of a Permanent Deprivation (Forfeiture) of Private Property (My Vehicle) A Tow Hearing in front a Police Hearing Officer does Not Satisfy Heightened Due Process Requirements. In this type of Circumstance a Full Evidentiary, Probable Cause Hearing with Witnesses with Cross Examination is Required.

> ***The Supreme Court has held that the Fourth Amendment protects claimants against unreasonable seizures of their property in the civil forfeiture context. See*** **United States v. James Daniel Good Real Prop., 510 U.S. 43, 49 (1993)** ***("The Fourth Amendment does place restrictions on seizures conducted for purposes of civil forfeiture . . . ."); see also*** **One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 696, 700 (1965)** ***(holding that the exclusionary rule under the Fourth Amendment applies to civil forfeiture proceedings)***

Thus, Tow Hearing in front of Police Tow Hearing Officer did Not Satisfy Heightened Due Process Requirements. California Law and Vehicle Code is Not the Authority here in this matter at bar. **Thus, County Counsel's Argument here is Without Legal Merit and must be Denied with Prejudice.**

**(4.) - There is No Inalienable Right to Drive without a License. I Must OBJECT.**

Since the County Counsel has Presented this Argument and Claim that: **there is No Inalienable Right to Drive without a License**, I am forced to Defend my Right here.

***(DENIAL OF THE RIGHT TO TRAVEL):***

This Claim is a Limited Attack on the State of California's Incorrect Claim that Driving Upon and Use of the Public Roads and Highways for Private Trave is a State Granted Conditional Privilege. Let me state a Argument here that is Not Merit-less and Frivolous and Lacking Legal Merit. To that Claim by the State of California, I Make the Constitutional Claim that: The Right to Use of, to Drive upon the Public Roads and Highways is a Regulated Right

protected and Guaranteed by the Right to Personal Liberty. Sovereignty Remains with the People even though the People have Delegated the California Legislature Limited Sovereign Powers to Legislate and Regulate the Sovereign's Rights to Personal Liberty.

> **"While sovereign powers are delegated to the agencies of government, SOVEREIGNTY ITSELF remains with THE PEOPLE, by whom and for whom, all government exists and acts." Lee v. Hopkins, 188 U.S. 356.**

The Regulation of that Right is Not a Conditional Privileged which may Denied by the California State Legislature at their will. The Right to Sovereignty and the Inalienable Constitutional Rights contained in the Federal Constitution has Not been Abolished or Overruled, Overturned or Legislated out of Existence as most Governmental and Police Agencies deem to believe and Act by. The Federal Constitution is still the Supreme Law of the Land; and Federal Rights are still Absolute Rights, subject to Legislative Regulation of those Rights as to Public Safety, Morals and Protection of Life, Liberty and Property of the Public. Not Conditions of Grants to Privilege, which is Conditional at the Legislative will. Let us all agree to some Points of Law that have already been Decided by Case Law Precedents. I am sure the County Counsel will counter with the Incorrect Legal Argument that those Case Law Precedents are OLD and thus have No Current Legal Standing. The Due Process Standard of the Fourteenth Amendment are Changeable with time. **"Due process is not a rigid form but is a flexible concept, which depends for its application on a careful balancing of Public as against private interests." See:**

> **Ferguson v. Gathright, C.A. Va.1973, 485 F.2d 504, certiorari denied, 94 S. Ct. 1447, 415 US. 933. 39 L Ed.2d 491. See, also, US. cx reL Miller v. Twomey, C.A.fll. 1973, 479 F2d 701, certiorari denied, 94 S. Ct. 900, 414 US. 1146, 39 L Ed.2d 102;**

The Procedural Process is Changeable Not the Constitutional Rights. The Regulation of the Right to Personal Liberty in the Public Interest for the Protection, Safety, Morals of the Public and the Rights of other Individuals is an Acceptable and Recognized by Law Power of the State of California Police Powers. The Power to Regulate does Not include the Right to Condition that Right to a Grant of State Granted Privileges, such as Licensing. The Constitutional Right to Personal Liberty is Not Subject to the Condition of Licensing. See: **Kent v. Dulles, 357 U.S. 116, 125.** The Right to Use thereof, the Public Roads and Highways, for Private

Travel is an Inalienable Constitutional Right. "...well settled that the right of a United States citizen to travel from one State to another and to take up residence in the State of his choice is protected by the Federal Constitution. See Shapiro v. Thompson, 394 U.S. 618, 629-631; United States v. Guest, 383 U.S. 745, 757-759. See also: JONES v. HELMS, 452 U.S. 412 (1981). Thus, the Right to Travel is Demonstrated as True and a Legal Inalienable Constitutional and Civil Right. The Citizen has the "unconditional right to travel," Shapiro v. Thompson, 89 S. Ct. 1322 at 1335 and 1336, as marked, a right of liberty which is absolute, Shapiro v. Thompson, ibid at 1350, and is a fundamental right. ibid at 1351.

The Right to Travel by particular conveyance or other form of Travel is Not Conditional by California State Legislature; as long as it is the Usual Established means of Travel. The right to travel interstate by auto vehicle upon the public highways may be a privilege or immunity of citizens of the United States. Compare Crandall v. Nevada, 6 Wall. 35. The Mode or Conveyance used for Private Travel which are Lawfully acceptable for use upon the Public Roads and Highways and Use thereof is a Regulated Right. The Mode of Travel or type of Vehicle used for Private Travel upon the Public Roads and Highways doe Not Justify the Lawful Classification of the Statue for Licensing Purposes. See: In re Schmolke, 199 Cal 44. (S. Ct. of Calif.). The streets belong to the public and are primarily for the use of the public in the ordinary way. Their use for the purposes of gain is special and extraordinary and, generally at least, may be prohibited or conditioned as the legislature deems proper.". Packard v. Banton, 264 U.S. 140, 144. Here where the California State Legislature has it wrong as Applied to me, there is a Lawful Distinction between Regulation of a Activity engaged in as a matter of Right and one Carried on by Government Sufferance or Permission (License Privilege). The Activity engaged into as a matter of Right may be Regulated as to Traffic Safety Rules. The California State Supreme Court has Addressed the Right to Drive upon the Public Roads and Highways as a Fundamental Regulated Right as to Traffic Safety.

> "The *RIGHT of the citizen to DRIVE* on the public street with freedom from police interference, unless he is engaged in suspicious conduct associated in some manner with criminality is a *FUNDAMENTAL CONSTITUTIONAL RIGHT* which must be protected by the courts." People v. Horton, 14 Cal. App. 3rd 667 (1971). See also: Escobedo v. State of California, 35 C2d 870 in 8 Cal Jur 3d p.27. Cal Sup. Ct..

Thus, even the California Supreme Court recognized a Right to Drive as a Fundamental Constitutional Right. **The right to travel interstate by auto vehicle upon the public highways may be a privilege or immunity of citizens of the United States. Compare Crandall v. Nevada, 6 Wall. 35. A citizen may have, under the Fourteenth Amendment, the right to travel and transport his property upon them by auto vehicle. Packard v. Banton, 264 U.S. 140, 144 , 44 S. Ct. 257.**

I also have the Inalienable Constitutional Right to be Free from Regulating Duties, State Granted Privileges Subjected against my Right to Liberty.

> **"The citizen is immune, has a right to be free from such taxation and regulating, duties, obligations, sanctions as a matter of law." U.S. v. Texas, 384 U.S. 155; Wilson v. U.S., 221 U.S. 361; Pollack v. Flint, 158 U.S. 601, 157 U.S. 429; United States Constitution, Article 1, Section 2, clause 3, and Article 1, Section 9, clause 4.**

I have the Inalienable Right to Exercise Personal Liberty to Use the Public Roads and Highways for Private Travel. That has to include the Right to Drive my Vehicle for Private Travel and to Transport myself, my Property, future family upon the Public Roads and Highways, in a Safe manner. I realize I must Obey the Reasonable Traffic Safety Rules and Regulations for the Safe manner and Use of the Public Roads and Highways. Driving my Vehicle and use of the Public Roads Streets and Highways is not a Crime. See: . **Packard v. Banton, 264 U.S. 140, 144 , 44 S. Ct. 257; People v. Horton, 14 Cal. App. 3rd 667 (1971).** See also: **Escobedo v. State of California, 35 C2d 870 in 8 Cal Jur 3d p.27. Cal Sup. Ct.**. The Owning and Use thereof my Vehicle is Not a Crime. See: **There is nothing even remotely criminal in possessing an automobile.'") (quoting One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693 (1965))**. It is Not a Crime to Exercise my Right to Travel as the Right to Personal Liberty. See: **The Citizen has the "unconditional right to travel," Shapiro v. Thompson, 89 S. Ct. 1322 at 1335 and 1336, as marked, a right of liberty which is absolute, Shapiro v. Thompson, ibid at 1350, and is a fundamental right. ibid at 1351.**

Exercising my Right to be free from Licensing, State Granted Privileges upon my Right to Drive and Use my Vehicle to Transport my Property, myself for Private Travel is Not a Crime. See: **Williams v. Fears, 179 U.S. 270, 274; Edwards v. California, 314 U.S. 160 (1941); Kent v. Dulles, 357 U.S. 116, 126 (1958); Packard v. Banton, 264 U.S. 140, 144 , 44 S. Ct. 257.** The Right to Drive to the Store, Hospital, Post Office and other Public Conveniences and to look for work or to and from work

cannot be considered a crime. See: Berberian v. Lussier, (1958) 139 A2d 869, 872; Slusher v. Safety Coach Transit Co., 229 Ky 731, 17 SW2d 1012, and affirmed by the Supreme Court in Thompson v. Smith, 154 S.E. 579; People v. Horton, 14 Cal. App. 3rd 667 (1971). See also: Escobedo v. State of California, 35 C2d 870 in 8 Cal Jur 3d p.27. Cal Sup. Ct..

"...one's inalienable fight to liberty and the pursuit of happiness is curtailed if he may be unreasonably kept off the highways maintained by him as a citizen and taxpayer;.... in State v. Moeng, 254 Minn. 263, 95 N.W.2d 6, 13 (1959).

"Operation of a motor vehicle upon public streets and highways is not a mere privilege but is a right or liberty protected by the guarantees of Federal and State constitutions." Adams v. City of Pocatello, 416 P2d 46.

"The word 'operator' shall not include any person who solely transports his own property and who transports no persons or property for hire or compensation." Statutes at Large California Chapter 412 p.833.

"The streets belong to the public and are primarily for the use of the public in the ordinary way. Their use for the purposes of gain is special and extraordinary and, generally at least, may be prohibited or conditioned as the legislature deems proper.". . . . "Moreover, a distinction must be observed between the regulation of an activity which may be engaged in as a matter of right and one carried on by government sufferance or permission. In the latter case the power to exclude altogether generally includes the lessor power to condition and may justify a degree of regulation not admissible in the former." Packard v. Banton, 264 U.S. 140, 144.

The right to travel interstate by auto vehicle upon the public highways may be a privilege or immunity of citizens of the United States. Compare Crandall v. Nevada, 6 Wall. 35.

A citizen may have, under the Fourteenth Amendment, the right to travel and transport his property upon them by auto vehicle. But he has no right to make the highways his place of business by using them as a common carrier for hire. Such use is a privilege which may be granted or withheld by the state in its discretion, without violating either the due process clause or the equal protection clause. Packard v. Banton, 264 U.S. 140, 144 , 44 S. Ct. 257.

"It is not the type of vehicle, but the peculiar nature of the business conducted upon and over the public highways, that justifies the classification of the statue for licensing purpose." In re Schmolke, 199 Cal 44. (S. Ct. of Calif.).

"The RIGHT of the citizen to DRIVE on the public street with freedom from police interference, unless he is engaged in suspicious conduct associated in some manner with criminality is a FUNDAMENTAL CONSTITUTIONAL RIGHT which must be protected by the courts." People v. Horton, 14 Cal. App. 3rd 667 (1971). See also: Escobedo v. State of California, 35 C2d 870 in 8 Cal Jur 3d p.27. Cal Sup. Ct..

As the court said in McConville v. Alexis, supra, 97 Cal. App.3d at page 600 "there can be little question but that possession of a *driver's license rises to the level of a fundamental right under Bixby* in terms of both the economic implications relating thereto and 'the importance of' the possession 'to the individual in the life situation.' (Bixby, supra, 4 Cal.3d 130 , 144.) This, of course, is most obviously true with respect to those individuals whose occupations depend directly on the ability to drive, such as truck drivers or delivery persons." In our present travel-oriented society, the retention of a driver's license is an important right to every person who has obtained such a license. (See Hernandez v. Department of Motor Vehicles, supra, 30 Cal.3d 70 , 74.) While we might agree with defendant's observation that there exist alternative means of transportation, the reality of contemporary society is that public transportation systems may not meet the needs of many travelers and other forms of transportation, such as taxicabs, are not economically feasible for a large portion of the population. Whether a driver's license is required only for delivering bread, commuting to work, transporting children or the elderly, meeting medical appointments, attending

**social or political functions, or any combination of these or other purposes, the revocation or suspension of that license, even for a six-month period, can and often does constitute a severe personal and economic hardship. (See <u>Bell v. Burson</u>, (1971) 402 U.S. 535, 539 [29 L. Ed.2d 90, 94, 91 S. Ct. 1586] [as continued possession of a license may become essential in the pursuit of a livelihood, any adjudication would involve an "important" interest of the licensee].) For plaintiff, as a route driver, her ability to drive a delivery truck affects her very livelihood and the suspension of her license obviously will affect her directly, immediately, and adversely. Further, as a single working parent, she is faced with the numerous responsibilities of child rearing, many of which necessitate a speedy and reliable means of transportation. The suspension of plaintiff's license, even for only six months, may have profound and obvious effects on her "life situation" and thus, in the Bixby-Strumsky-Interstate Brands sense, constitutes "quasi-judicial" administrative decisions that have an impact on the individual "sufficiently vital ... to compel full and independent review" by the court. (<u>Interstate Brands</u>, <u>supra</u>, 26 Cal.3d at p. 779.) <u>Berlinghieri v. Department of Motor Vehicles</u>, 33 Cal.3d 39. See also: (13 Cal. Jur. 371, sec. 59); (19 Cal. Jur. 54, sec. 407); (25 Am. Jur. 456-457, sec. 163; see, also, 40 C.J.S. 244-247, sec. 233.)" <u>Escobedo v. State of California</u>, (1950), 35 Cal.2d 870, 875-876.**

The California State Supreme Court called having a Driver's License rises to the level of a Fundamental Right. Since the California Department of Motor Vehicles Refused to Respond to Repeated Demands for a Driver's License Suspension Hearing prior to Suspension taking affect, then I decided to Drive by Inalienable Right to Liberty subject to same Traffic Safety Rules as other Driver's where subject too.

I Served the California Department of Motor Vehicles, (14) Notices and Demand for a Suspension Hearing of my California Driver's License over the Past 2.5 years. In that Notice and Demand, also Included was Declination of my Driver's License Privilege and a my Demand for the Inalienable Right to Drive by Regulated Right as a "FREEMAN." Let Notice be taken here that the Driver's License was Suspended because of my Inability to pay the Car Registration Privilege Tax upon my Right to Own a Vehicle. I also address this Issue with California D.M.V. Let Judicial Notice be taken here, that the D.M.V. Never Responded to my Served Notices and Demand for a Suspension Hearing; for failure to Register and pay the Privilege Tax on the Right to Own my Vehicle and Declination of the Driver's License Privilege, and Demand of the Inalienable Right to Drive and Use my Vehicle upon the Public Roads and Highways, for Private Travel by Constitutional Right.

In making this Claim I am Not Challenging Pre-existing Statutory Constitutionality and its Applicability to everyone. I am making the Challenge of how it is being Applied to me. The State of California has Failed to Hold a Full Adversarial Due Process Hearing to

Determine if I am a Citizen acting by Right and from Licensing or if I am a Corporate Person Acting under State Granted Privileges which are Conditional. There is Clear Constitutional Distinction between engagement of Right and Privilege. See: **Packard v. Banton, 264 U.S. 140, 144.**

> **"The streets belong to the public and are primarily for the use of the public in the ordinary way. Their use for the purposes of gain is special and extraordinary and, generally at least, may be prohibited or conditioned as the legislature deems proper.". . . . *"Moreover, a distinction must be observed between the regulation of an activity which may be engaged in as a matter of right and one carried on by government sufferance or permission. In the latter case the power to exclude altogether generally includes the lessor power to condition and may justify a degree of regulation not admissible in the former."* Packard v. Barton, 264 U.S. 140, 144. Also in Kesler v. Dept. of Public Safety, 369 U.S. 153 (1962).**

Thus, as the above Decision Clearly States, there is a Clear Distinction between Activity engaged into as a matter of Right and one carried on by State Granted Privilege. The California D.M.V. nor the California Legislature have the Constitutional Authority to make that Distinction absent Judicial Review. **"Constitutional rights would be of little value if they could be ... indirectly denied." Smith v. Allwright , 321 U.S. 649, 664 (1943) "... or 'manipulated out of existence'" Gomillion v. Lightfoot , 364 U.S. 339, 345 (1960).** The California Legislature and the Majority of Citizen's does Not have the Constitutional Authority infringe upon my Right to Personal Liberty.

> **"A citizen's constitutional rights can hardly be infringed simply because a majority of the people choose that it be. [Fn. omitted.]" (Lucas v. Colorado General Assembly, supra, 377 U.S. 713, 736-737 [12 [2 Cal.3d 797] L. Ed.2d 632, 647]; Jordan v. Silver, (1965) 381 U.S. 415 [14 L. Ed.2d 689, 85 S. Ct. 1572] (concurring opinion).) Westbrook v. Mihaly, 2 C3d 765.**

The Privilege Right Doctrine Distinction as it Concerns me is Not given to Legislative and Police Power Control, except as to Regulation of that Right concerning Traffic Safety Rules.

I do have the Constitutional Right to be Free from State Granted Police Power Privileges

The State of California Police Powers have NO Constitutional Authority to Impose or Force a Privilege upon a Constitutionally Guaranteed Right.

The Inalienable Right to Drive Upon the Public Roads and Highways for Private Travel is a Right of National Citizenship. See:

> **Crandall v. Nevada, 6 Wall. 35 (1868); JONES v. HELMS, 452 U.S. 412 (1981); KENT v. DULLES, 357 U.S. 116 (1958); Corfield v. Coryell, 6 Fed. Cas. pp. 546, 552 (No. 3230) (C.C.E.D. Pa.1825), Paul v. Virginia, 8 Wall. (75 U.S.) 168, 180, 19 L. Ed. 357 (1869); Shapiro v. Thompson, 89 S. Ct. 1322 at 1335 and 1336.**

The Regulated Right to Drive upon the Public Roads and Highways, for Private Travel

and or to Transport my Property therein is a Right of National Citizenship. Thus it is Not Conditional upon the Granting of State Granted Driver's License Privilege. A Regulated Right is the manner Safe use by Traffic Safety Rules such as Stop Signs, Speed Limits and other Traffic Safety Rules. The California State Supreme Court has Ruled that use of the Public Roads and Highways by Driving is a Inalienable Right. See:

> Berlinghieri v. Department of Motor Vehicles, 33 Cal.3d 39. See also: (13 Cal. Jur. 371, sec. 59); (19 Cal. Jur. 54, sec. 407); (25 Am. Jur. 456-457, sec. 163; see, also, 40 C.J.S. 244-247, sec. 233.)" Escobedo v. State of California, (1950), 35 Cal.2d 870, 875-876; Hernandez v. Department of Motor Vehicles, supra, 30 Cal.3d 70 , 74.); People v. Horton, 14 Cal. App. 3rd 667 (1971). See also: Packard v. Barton, 264 U.S. 140, 144. Also in Kesler v. Dept. of Public Safety, 369 U.S. 153 (1962).

**Let Judicial Notice be taken here, that the Right to Drive is Not the Paramount Cause of Action and Claim here on Trial under Section 1983. It is a Claim but not the whole and only Claim. As the above Decisions clearly Establish, the County Counsel's Argument and Claim here is Lacking Legal Merit and thus must be Denied with Prejudice. I must also further OBJECT, because the County Counsel is Attempting to Prejudice this Court into believing that the Only Paramount Cause of Action and or Claim is the Inalienable Right to Drive, which is Incorrect.**

**(5.) - Damage To Plaintiffs Credit Rating States No Cause of Action Against County Defendants.** I Must OBJECT.

The County Counsel's Claim and Argument here misses the Mark and is Legally incorrect. It proves another part of the Puzzle in Acts Pursuant to a Conspiracy. This Conspiracy is Directed at the Well Conceived plan to Steal Private Property (Vehicles) under the Color and Guise of the Police Powers and California Vehicle Code and then proceed to Punish the Unsuspecting Citizen further by Ruining their Credit Rating. All the Named Defendants have played an Important Consequential role in this Complex Conspiracy.

> According to this court's case law, conspiracy is "an agreement between two or more persons for an unlawful purpose." Thomas v. State, 114 Nev. 1127, 1143, 967 P.2d 1111, 1122 (1998), cert. denied, 120 S. Ct. 85 (1999). Conspiracy is seldom demonstrated by direct proof and is usually established by inference from the parties' conduct. Id. Evidence of a coordinated series of acts furthering the underlying offense is sufficient to infer the existence of an agreement and support a conspiracy conviction. Id.

I will prove to this Court the elements Required to Establish a Conspiracy in: **Hobson, 737 F.2d 1, at 55.**

> **The conduct underlying the offense of conspiracy consists of (1) an agreement to accomplish an illegal objective, (2) one or more acts in furtherance of the illegal purpose, and (3) the requisite intent necessary to commit the underlying substantive offense. United States v. Pemberton, 853 F.2d 730, 733 (9th Cir. 1988).**

This is a very Elaborate and Covert Conspiracy that I will explain further in Detail when Required to do so by this Court. For now I will let the Notice of Allegation and Claim plus brief Supporting Material Facts and what grounds I believe that I am entitled to Remedy State a Cause of Action under Section 1983. See: **Leatherman v. Tarrant County Narcotics Intell & Coord. Unity, 507 US 163, 168 (1993) Citing: Conley v. Gibson, 355 US 41, 47 (1957).**

**I Move the Court to Deny this Claim and Argument by County Counsel with Prejudice.**

## *{C.}- Plaintiffs Complaint Fails to State a Cause of Action against County Defendants.* I Must OBJECT.

This Conspiracy Claim and or Cause of Action is directed at all the Named Defendants. Violation of a Clearly Established Constitutional and Civil Right to get around Qualified Immunity is Required only as to the Named Police Officer. The other Named City and County Defendants have No Claim of Qualified or Good Faith Immunity whatsoever. See:

> **"[A] municipality is not entitled to the shield of qualified immunity from liability under S 1983." Brandon v. Holt, 469 U.S. 464, 473 (1985); see also Chew v. Gates, 27 F.3d 1432, 1439 (9th Cir. 1994).**

The Named Creditor and Tow Agency have No Claim whatsoever to Qualified and or Good Faith Immunity, see: **Tower v. Glover, 467 U.S. 914, 921 (1984), and J. Bishop, Commentaries on Non-Contract Law SS 704, 710 (1889).** The Towing and Seizing of my Person and Vehicle from Private Parking Lot in Violation of the Fourth and Fourteenth Amendment is a Violation of a Clearly Established Constitutional and Civil Right. Acting pursuant to this Conspiracy in Violation of the Clearly Established Constitutional and Civil Rights has to be Litigated and Discovery held in order to see one way or the other in this Claim and Argument by County Counsel. The County Counsel has brought forth Merit-less and Frivolous Argument that truly Lacks legal Merit:

"An Individual's Declaration of a right that does not exist does not create a clearly established law." I am not sure as to what County Counsel is Stating here in this Argument and Claim. The First Prong of Qualified Immunity Test has been met, Wrongful and False Arrest and Unlawful Tow Action Establish a Clearly Established Constitutional Rights that have been Violated. Thus, **I Move the Court to Deny this Argument and Claim at this time until after Discovery and or is Complete.**

**(DENIAL OF FORFEITURE HEARING RIGHT).**

The Lien Sale of my Vehicle is in Reality Forfeiture without and in Denial thereof a Full Forfeiture Hearing Process which affords a Hearing on Probable Cause, Evidentiary Hearing and Cross Examination of Witnesses for and Against and including the Named Police Officer. All the Named Defendants are equally involved and Liable for the Denial of a Forfeiture Hearing that Satisfies Heightened Due Process Forfeiture Requirements. See: : **UNITED STATES v. JAMES DANIEL GOOD REAL PROPERTY, 510 U.S. 43, Id, at 50 (1993); SOLDAL v. COOK COUNTY, 506 U.S. 56 (1992). IN KRIMSTOCK v SAFIR, (2 Cir. 2000), Docket No. 00-9488, 2000 WL 1702035, at 36-37.**

Under the Conspiracy Theory all participants are Equally Liable and Involved in aspect of Stated Conspiracy whether or Not they did all the individual acts. See: **United States v. Batimana, 623 F.2d 1366, 1370 (9th Cir.), cert. denied, 449 U.S. 1038, 101 S. Ct. 617, 66 L. Ed.2d 500 (1980).** The Right to a Forfeiture Hearing before Forfeiture is a Clearly Established Constitutional and Civil Right.

***(The Conspiracy Scheme)***

The County of Alameda Seizes and Tows Vehicles Under the Color and Guise of State Vehicle Code and County and or City Ordinance. Then they have worked up Extremely High,

Arbitrary, Excessive Tow Charges, Administrative Fees of City and County and Tow Agency; Storage Fees. That puts the Cost at the first day at: $225.00 and about $ 75.00 a day thereafter. Then the Tow Agency files a Lien Notice within 3 days of Towing. In 4 days the Cost is almost $ 500.00. Then a Lien is filed within (3) Days of towing. After 15 days the Vehicle is Auctioned off to the Highest bidder at the Public Auction. Then the Creditor Places a Credit Lien of additional Costs and Fees on the Vehicle Owner's Credit. This Scheme has grown into over $ 50,000,000.00 Business for Alameda County alone. The Named Defendants are sharing all the pure profits from this Unlawful and Under the Color of State Law Scheme. The Vehicle sold at the Lien Sale will get from $ 750.00 to $ 1000.00 for a very Used Vehicle. A newer Vehicle in Great Condition and Shape will probably get over $ 2000.00 to $ 3000.00. None of the Vehicle's Owners where even afforded the Right to a Forfeiture Hearing to test the Probable Cause, Validity of Tow, Cross Examination of the Police Officer and other Witnesses. Talk about a Real Criminal Enterprise all Under the Color and Guise of a Legitimate Police Power Regulation. This Covert and Unlawful Scheme is Stealing my Property as well as 1000's of other Citizen's Property. Let us say that the Vehicle Owner recovers their Vehicle the Next day the County, City and Tow Agency has netted over $ 200.00 or more form their Carefully Constructed Elaborate Scheme. 70,000 vehicles per year times over $ 200.00 equals over 14 Million Dollars. This is on the Recovered by owner Vehicles, the first day only. The Named Defendants pursuant to a Conspiracy have become a Criminal Enterprise. **"The Seventh Circuit Court of Appeals held that the Circuit Court of Cook County is a criminal enterprise." U.S. v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985).** This Conspiracy Under the Color and Guise of State Law, is a Nothing less than a Criminal Enterprise stealing in the Name of the Law Citizen's Private Property (Vehicle's).

## (IN CONCLUSION)

In Conclusion I will let my Arguments, Claims and or Causes of Action under Section 1983 Speak for themselves. I do however Demand as a matter of Right, Law and Rule, the Right to Amend my Complaint if and when it becomes Necessary and Ordered by this Court. Let Judicial Notice be taken here that Complaints by Pro Se Litigants are held to less stringent pleading Standards;

**Under Rule 12 (b) (6), the complaint of a pro se litigant "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Hughes v. Rowe, 449 US 5, 9 (1980) (citing Haines v. Kerner, 404 US 519, 520 (1972)); See Also Conley, 355 US at 45-46. All material allegations in the complaint must be taken as true and construed in the light most favorable to Plaintiff. See: IN Re Silicon Graphics Inc Sec. Lit., 183 F.3d 970, 980 n10 (9th Cir. 1999). The Court may also consider documents attached to the complaint in connection with a FRCP 12 (b) (6), Motion to Dismiss. Parks School of Business, Inc v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). If Motion to Dismiss is granted for failure to state a claim, "leave to amend should be granted..." Schreiber Distrib. Co v. Serve - Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).**

Otherwise I Move the Court to Deny with Prejudice County Counsel's Motion for Dismissal of Action and all Arguments and Claims Contained therein.

## (NOTICE OF OBJECTION)

I MUST OBJECT TO THE CONFLICT OF INTERESTS HERE WHERE THE COUNTY COUNSEL IS REPRESENTING THE INDIVIDUALLY NAMED DUBLIN POLICE OFFICER \ COUNTY DEPUTY SHERIFF OFFICER **Jean Zeditz Badge # 1625. I MOVE THE COURT TO** DENY THIS CONFLICT OF INTEREST AS A MATTER OF LAW, RIGHT AND RULE.

**An *"actual conflict of interest"* occurs when counsel *"actively represented conflicting interests."* Strickland v. Washington, 466 U.S. 668, 670, 104 S. Ct. 2052, 2056, 80 L. Ed.2d 674 (1984).**

I MOVE THIS COURT FOR A REMEDY AT LAW AND FOR RELIEF FROM THIS CONFLICT OF INTEREST.

**NOTICE OF SERVICE BY MAIL:**

I WILLIAM J. WHITSITT, [signature], THIS THE 15th DAY OF AUGUST, 2008, AT 4 PM, DID SERVE BY MAIL POSTAGE PREPAID, VIA FIRST CLASS MAIL: ORDER RELEASING VEHICLE FREE OF CHARGES OF TOWING AND STORAGE AND OTHER FEES OR ALTERNATIVE REMEDY ORDER RELEASING VEHICLE UNTIL MATTER OF VEHICLE IS SETTLED, TO THE FALLOWING NAMED DEFENDANTS:

* COUNTY COUNSEL FOR ALAMEDA COUNTY AT: ATTN: Richard E. Winnie - County Counsel Diane C. Graydon - Deputy County Counsel 1221 Oak Street, Suite 450, Oakland, CA 94612 - 4226

* ~~[illegible] Walnut Ave., Suite 200, Fremont, CA 94538~~

I WILLIAM J. WHITSITT, [signature] THIS THE 15th DAY OF AUGUST, 2008, DO HEREBY DECLARE AND AFFIRM THAT ALL THE ABOVE FACTS ARE TRUE AND CORRECT UNDER THE PENALTY OF LAW, INCLUDING NOTICE OF SERVICE BY MAIL.

RESPECTFULLY SUBMITTED

[signature]

WILLIAM J. WHITSITT

DATED: August 15, 2008