**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM J. WHITSITT,

    Plaintiff,

v.

JEAN ZEDLITZ, et al.,

    Defendants.

No. 08-CV-01803 JSW

**ORDER DENYING MOTION TO DISMISS AND DENYING MOTION TO STRIKE**

## INTRODUCTION

This matter comes before the Court upon consideration of the Motions to Dismiss and to Strike filed by Defendant, R. Lance & Sons Co., Inc. ("R. Lance"). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court HEREBY DENIES the Motion to Strike and DENIES the Motion to Dismiss.

## BACKGROUND

**A.  Procedural History.**

Plaintiff, William Whitsitt ("Whitsitt"), filed the Complaint in this action on April 3, 2008, naming the County of Alameda, Deputy Sheriff Jean Zedlitz, the City of Dublin (collectively the "County Defendants"), and R. Lance as defendants. On April 25, 2008, Whitsitt filed a document entitled "Amended Complaint," in which he added Credit Regulating Services, Inc. ("CRS") as a defendant. The Amended Complaint did not contain claims against the other defendants. However, in light of Whitsitt's *pro se* status, the Court construed the two complaints as the operative pleading in this action.

On November 7, 2008, the Court dismissed the claims against the County Defendants and CRS with prejudice. Although R. Lance had not yet been served, the Court also dismissed the claims against R. Lance with prejudice.

On October 25, 2011, the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") affirmed the Court's dismissal of the claims against the County Defendants and CRS. The Ninth Circuit vacated the dismissal of Whitsitt's claim against R. Lance and remanded to this Court with instructions to direct service on R. Lance. On December 16, 2011, this Court issued an Order directing that service be effected on R. Lance.

On January 26, 2012, R. Lance filed a Motion to Dismiss. On February 21, 2012, this Court ordered that Whitsitt file an opposition brief to R. Lance's Motion to Dismiss no later than March 16, 2012. On March 27, 2012, Whitsitt filed a second opposition brief. On March 30, 2012, R. Lance filed a Motion to Strike Whitsitt's second opposition brief.

**B.     Factual Background.**

Whitsitt alleges that on or about October 18, 2007, while he was on a private parking lot, Defendant Zedlitz arrested him without probable cause and seized his vehicle. According to the County Defendants, the vehicle was impounded pursuant to section 14602.6 of the California Vehicle Code. Whitsitt further alleges that R. Lance, acting pursuant to a conspiracy with the County Defendants, seized, towed, and sold his vehicle. (Complaint ("Compl.") at 5:14-15, 25:23, 27:26-28:18.) Whitsitt alleges that he was denied a forfeiture hearing, although he made "several demands for a forfeiture hearing with the City of Dublin Police Services and . . . [R. Lance]." (Compl. at 25:23-26 (capitalization omitted).) Pursuant to 42 U.S.C. Section 1983, Whitsitt alleges that his failure to receive a forfeiture hearing constitutes a denial of due process. (*Id.* at 25:26-27.)

The Court shall address specific additional facts in the remainder of this Order.

**ANALYSIS**

**A.     The Court Denies R. Lance's Motion to Strike.**

R. Lance argues that the Court should strike Whitsitt's second opposition brief, because it is untimely, in that it was filed after the Court's March 16, 2012 deadline, is "unnecessary,

2

prejudicial to Defendant, and [is] a waste of judicial resources." (Mot. to Strike at 1.) A court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12. However, whether to grant a motion to strike is within the discretion of the trial court. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). In the interest of justice, and given Whitsitt's *pro se* status, the Court denies R. Lance's Motion to Strike and will consider Whitsitt's multiple opposition briefs.[1]

**B.     The Court Denies R. Lance's Motion to Dismiss.**

     **1.     Applicable Legal Standards.**

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The Court, however, is not required to accept legal conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Under Rule 12(b)(6), a court may dismiss a complaint based on the "lack of a cognizable legal theory" or based upon "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff may not merely allege conduct that is conceivable, but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at

---

[1] The Court admonishes Whitsitt that he is subject to the Federal Rules of Civil Procedure and the Northern District Civil Local Rules, notwithstanding his *pro se* status. *Ghazali v. Moran*, 46 F.3d, 52, 54 (9th Cir. 1995) (noting that *pro se* litgants are bound by the rules of procedure), *cert denied*, 516 U.S. 838 (1995); Civil L.R. 3-9(a). In the future, Whitsitt must adhere to the briefing schedule set by the Court and may not file serial opposition briefs.

3

1  570.  "A claim has facial plausibility when the plaintiff pleads the factual content that allows
2  the Court to draw the reasonable inference that the defendant is liable for the misconduct
3  alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  If the
4  allegations are insufficient to state a claim, a court should grant leave to amend, unless
5  amendment would be futile. *See, e.g.*, *Reddy v. Litton Indus., Inc.,* 912 F.2d 291, 296 (9th Cir.
6  1990); *Cook, Perkiss, Liehe, Inc. v. N. Cal. Collection Serv., Inc.,* 911 F.2d 242, 246-47 (9th
7  Cir. 1990).

### 2.  Whitsitt Alleges Sufficient Facts to State a Claim That He Was Denied Due Process.

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights.  It merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).  To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda County*, 811 F.2d 1243, 1245 (9th Cir. 1987).

R. Lance argues that Whitsitt fails to allege sufficient facts to state a claim for violation of his due process rights based on the lien sale of his vehicle.  "A section 1983 claim based upon procedural due process . . . has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).  Whitsitt's allegations regarding the loss of his vehicle satisfy the first prong, because "[l]oss of the use and enjoyment of a car deprives the owner of a property interest that may be taken from him only in accordance with the Due Process Clause." *See Stypmann v. City and Cnty. of San Francisco*, 557 F.2d 1338, 1342 (9th Cir. 1977).

4

Accepting Whitsitt's allegations regarding an agreement between R. Lance and County Defendants as true for the purposes of this motion, Whitsitt has alleged sufficient facts to show that R. Lance acted under color of law. *See Goichman v. Rheuban Motors*, 682 F.2d 1320, 1322 (9th Cir. 1982) ("[A] private towing company acting at the behest of a police officer and pursuant to a statutory scheme designed solely to accomplish the state's purpose of enforcing its traffic laws, acts under color of state law for purposes of section 1983.") (citing *Stypmann*, 557 F.2d at 1341-42). Thus, Whitsitt's allegations satisfy the second prong.

R. Lance argues that Whitsitt failed to allege sufficient facts to state a claim with regard to the third prong, *i.e.*, lack of process. Before the state may take an individual's property, due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Robinson v. Hanrahan*, 409 U.S. 38, 39-40 (1972) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Whitsitt implicitly acknowledges that he received notice of R. Lance's pending lien sale, because he alleges that he made demands for a hearing prior to the sale. Despite these demands, Whitsitt alleges that he did not receive a hearing. Thus, Whitsitt alleges that he requested, but did not receive an opportunity to be heard before R. Lance deprived him of his property through a lien sale. These facts are sufficient to state a facially plausible claim that R. Lance violated his due process rights.

R. Lance contends that in order to state a claim, Whitsitt must specifically allege facts indicating that R. Lance failed to comply with California's statutory lien sale procedures. The California Civil Code states that the holder of a lien on a vehicle must provide notice to the vehicle's owner prior to lien sale. Cal. Civ. Code §§ 3071-72. After receiving notice, the owner may request a hearing by sending a declaration of opposition to the DMV. Cal. Civ. Code §§ 3071-72. The Court finds that R. Lance's argument regarding compliance with sections 3071 and 3072 of the California Civil Code is better raised in the context of a motion for summary judgment. Whitsitt has alleged sufficient facts to state a claim that R. Lance violated his due process rights.

5

**CONCLUSION**

For the foregoing reasons, the Court DENIES R. Lance's Motion to Strike and DENIES R. Lance's Motion to Dismiss. R. Lance shall file an answer within fourteen (14) days of the date of this order. The parties shall appear for a case management conference on Friday, September 7, 2012 at 1:30 PM. Case management statements shall be due on August 31, 2012.

**IT IS SO ORDERED.**

Dated: July 27, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM J. WHITSITT et al,

    Plaintiff,

v.

JEAN ZEDLITZ et al,

    Defendant.

Case Number: CV08-01803 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 27, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William J. Whitsitt
1763 Ray Wise Lane
Tracy, CA 95376

Dated: July 27, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk