IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM J. WHITSITT,

    Plaintiff,

v.

JEAN ZEDLITZ, et al.

    Defendants.

No. C 08-01803 JSW

**ORDER RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On March 7, 2013, Defendant R. Lance & Sons Cos., Inc. filed a motion for summary judgment, which is noticed for a hearing on April 19, 2013. Under Northern District Local Rule 7-3(a), Plaintiff's opposition to the motion is due by no later than March 25, 2013. The Court HEREBY ISSUES this notice to Plaintiff pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir.1998) (en banc).

Plaintiff should be aware that failure to oppose a proper motion for summary judgment may result in the dismissal of this case with prejudice. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end Plaintiff's case. *See Rand*, 154 F.3d at 953-54. A principal purpose of the summary judgment procedure is to identify and dispose of factually supported claims. *See Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). In order to withstand a motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue of material fact in dispute. Fed. R. Civ. P. 56(e). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242,

1  248 (1986). In the absence of such facts, "the moving party is entitled to a judgment as a matter
2  of law." *Celotex Corp.*, 477 at 323. In opposing summary judgment, Plaintiff is not entitled to
3  rely on the allegations of his complaint. *See* Fed. R. Civ. P. 56(e); *cf. S. A. Empresa de Viacao*
4  *Aerea Rio Grandense* (*Varig Airlines*) *v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir.
5  1982) (stating that "a party cannot manufacture a genuine issue of material fact merely by
6  making assertions in its legal memoranda"). Rather, Plaintiff's response must set forth specific
7  facts supported by admissible evidence, i.e., affidavits or certified deposition testimony,
8  answers to interrogatories, or properly authenticated documents, that contradict the defendant's
9  declarations and show that there is a genuine issue for trial. *See id.*; *see also Keenan v. Allan*,
10 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251
11 (7th Cir. 1995), and stating that it is not a district court's task to "scour the record in search of a
12 genuine issue of triable fact"). If Plaintiff does not submit his own evidence in opposition,
13 summary judgment, if appropriate, may be entered against him. If summary judgment is
14 granted, Plaintiff's case will be dismissed and there will be no trial. *See Rand*, 154 F.3d at 953-
15 54.

**IT IS SO ORDERED.**

Dated: March 12, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM J. WHITSITT et al,

    Plaintiff,

  v.

JEAN ZEDLITZ et al,

    Defendant.

Case Number: CV08-01803 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 12, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William J. Whitsitt
26 W. Emerson Ave.
Tracy, CA 95376

Dated: March 12, 2013

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk