IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT, | No. C 08-01803 JSW |
| Plaintiff, | **ORDER AND FINAL WARNING TO PLAINTIFF** |
| v. | |
| JEAN ZEDLITZ, et al. | |
| Defendants. | |

The Court issues this Order following its receipt of Plaintiff's untimely response to an Order to Show Cause. For reasons discussed below, the Court shall: (1) discharge the order to show cause; (2) direct Defendant R. Lance & Sons Co., Inc. to re-serve its motion for summary judgment on Plaintiff at the address set forth in his response to the Order to Show Cause (Docket No. 126); (3) set a briefing schedule and continue the hearing on the motion for summary judgment; (4) vacate the pretrial and trial dates pending further order of the Court; and (5) issue a final warning to Plaintiff regarding his obligation to keep the Court apprised of any changes to his address and his responsibility to prosecute this case.

On March 7, 2013, Defendant R. Lance & Sons Cos., Inc. filed a motion for summary judgment, which was noticed for a hearing on April 19, 2013. Under Northern District Local Rule 7-3(a), Plaintiff's opposition to the motion was due by no later than March 25, 2013.

On March 12, 2013, the Court issued a notice to Plaintiff pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir.1998) (en banc), and advised Plaintiff that failure to oppose a proper

motion for summary judgment may result in the dismissal of this case with prejudice. (*See* Docket No. 123.)

On March 29, 2013, the Court issued an Order to Show Cause, because Plaintiff failed to file an opposition brief by March 25, 2013. The Court directed Plaintiff to file a response by no later than April 12, 2013, showing cause why this Court should not grant Defendant's motion as unopposed. The Court also advised Plaintiff that if he asked to file a belated opposition brief, he must submit a request showing good cause for his failure to comply with the Local Rules and that request must be accompanied by a proposed opposition brief. The Court also continued the hearing on the motion for summary judgment from April 19, 2013 to May 17, 2013 at 9:00 a.m. The Court also advised Plaintiff that if he failed to file a response to this Order to Show Cause by April 12, 2013, the Court would deem Defendant's motions submitted, and it would rule on the papers. (Docket No. 124.) Plaintiff did not file a response to the Order to Show Cause by April 12, 2013, and he did not seek leave to file a belated opposition brief by that date.

On April 16, 2013, the Court's *Rand* notice, dated March 12, 2013, was returned as "not deliverable as addressed" and "unable to forward." (Docket No. 125.)

On April 17, 2013, Plaintiff filed a response to the Order to Show Cause. (Docket No. 126.) In that response, he advised the Court that he has been destitute and was forced to move to a shelter since the first week of February 2013. He also states that he was not served with Defendant's motion for summary judgment.[1] This is not the first time the Court has provided Plaintiff with relief after he failed to update the Court with a change of address. (*See* Docket No. 76.)

Pursuant to Northern District Civil Local Rule 3-11(a), when a party's address changes during the course of litigation, it is that party's duty to "promptly file with the Court and serve

---

[1] Plaintiff also asks the Court, pursuant to Rule 60(b) to vacate previous orders issued in this case. To the extent Plaintiff asks the Court to vacate the order granting a motion to dismiss defendants *other* than R. Lance & Sons, that ruling was affirmed by the Ninth Circuit. For that reason, the Court denies the motion to vacate in part. To the extent Plaintiff asks the Court to vacate a judgment in favor of R. Lance & Sons, the motion is premature, because the Court has not yet ruled on the motion for summary judgment.

2

upon all opposing parties a Notice of Change of Address specifying the new address." If a party fails to comply with that rule, "[t]he Court may, without prejudice, dismiss a complaint or strike an answer when: (1) Mail directed to [that party] by the Court has been returned to the Court as not deliverable; and (2) The Court fails to receive within 60 days of this return a written communication from the [party] indicating a current address." N.D. Civ. L.R. 3-11(b).

Because the Court received a written communication from Plaintiff within 60 days of the date on which the March 12, 2013 Order was returned, the Court shall not dismiss this case. **However, this is the last time the Court shall offer Plaintiff relief from dismissal or from the failure to comply with a deadline that the Court has imposed.** Plaintiff chose to file this suit and it is his responsibility to prosecute it with diligence.

In light of the fact that Plaintiff states that he did not receive a copy of R. Lance & Sons' motion for summary judgment, R. Lance & Sons shall re-serve Plaintiff at the Stockton address set forth in the response to the Order to Show Cause by no later than May 3, 2013, and it shall file proof of service with the Court.

Plaintiff **shall file and serve** a response to the motion for summary judgment by no later than May 24, 2013. The Court **shall not continue this deadline**. R. Lance shall file its reply by no later than June 7, 2013. The Court shall hold a hearing on the motion for summary judgment on June 21, 2013 at 9:00 a.m. The Court VACATES the pretrial conference scheduled for July 8, 2013, and the trial scheduled for July 22, 2013, and it shall reset those dates, if necessary, in its Order resolving the motion for summary judgment.

The Court again provides Plaintiff with the following notice pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir.1998) (en banc).

> Plaintiff should be aware that failure to oppose a proper motion for summary judgment may result in the dismissal of this case with prejudice. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end Plaintiff's case. *See Rand*, 154 F.3d at 953-54.
>
> A principal purpose of the summary judgment procedure is to identify and dispose of factually supported claims. *See Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). In order to withstand a motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue of material fact in dispute. Fed. R. Civ. P. 56(e). A dispute about a material fact is genuine "if the evidence is such that a

3

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). In the absence of such facts, "the moving party is entitled to a judgment as a matter of law." *Celotex Corp*., 477 at 323.

In opposing summary judgment, Plaintiff is not entitled to rely on the allegations of his complaint. *See* Fed. R. Civ. P. 56(e); *cf. S. A. Empresa de Viacao Aerea Rio Grandense* (*Varig Airlines*) *v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982) (stating that "a party cannot manufacture a genuine issue of material fact merely by making assertions in its legal memoranda"). Rather, Plaintiff's response must set forth specific facts supported by admissible evidence, i.e., affidavits or certified deposition testimony, answers to interrogatories, or properly authenticated documents, that contradict the defendant's declarations and show that there is a genuine issue for trial. *See id.*; *see also Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995), and stating that it is not a district court's task to "scour the record in search of a genuine issue of triable fact").

If Plaintiff does not submit his own evidence in opposition, summary judgment, if appropriate, may be entered against him. If summary judgment is granted, Plaintiff's case will be dismissed and there will be no trial. *See Rand*, 154 F.3d at 953-54.

**Finally, this Order constitutes the Court's final warning to Plaintiff. If Plaintiff fails to comply with this Order and fails to file an opposition to R. Lance & Sons' motion for summary judgment by May 24, 2013, the Court shall dismiss this action for failure to prosecute without any further notice to Plaintiff.**

**IT IS SO ORDERED.**

Dated: April 19, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM J. WHITSITT et al,

    Plaintiff,

v.

JEAN ZEDLITZ et al,

    Defendant.

Case Number: CV08-01803 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 19, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William J. Whitsitt
39 Gateway Ct.
Apartment D14
Stockton, CA 95207

Dated: April 19, 2013

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk