United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT, | No. C 08-01803 JSW |
| Plaintiff, | **ORDER TO PLAINTIFF RE HEARING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| JEAN ZEDLITZ, et al. | |
| Defendants. | |

On March 7, 2013, Defendant R. Lance & Sons Cos., Inc. filed a motion for summary judgment, which was noticed for a hearing on April 19, 2013. Under Northern District Local Rule 7-3(a), Plaintiff's opposition to the motion was due by no later than March 25, 2013.

On March 12, 2013, the Court issued a notice to Plaintiff, pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir.1998) (en banc), and it advised Plaintiff that failure to oppose a proper motion for summary judgment might result in the dismissal of this case with prejudice. (*See* Docket No. 123.)

On March 29, 2013, the Court issued an Order to Show Cause, because Plaintiff failed to file an opposition brief by March 25, 2013. The Court directed Plaintiff to file a response by no later than April 12, 2013, showing cause why this Court should not grant Defendant's motion as unopposed. The Court also advised Plaintiff that if he asked to file a belated opposition brief, he must submit a request showing good cause for his failure to comply with the Local Rules. The Court also advised Plaintiff that the request to late file had to be accompanied by a

1  proposed opposition brief. The Court also continued the hearing on the motion for summary
2  judgment from April 19, 2013 to May 17, 2013 at 9:00 a.m.

3  The Court advised Plaintiff that if he failed to file a response to that Order to Show
4  Cause by April 12, 2013, the Court would deem Defendant's motions submitted, and it would
5  rule on the papers. (Docket No. 124.) Plaintiff did not file a response to the Order to Show
6  Cause by April 12, 2013, and he did not seek leave to file a belated opposition brief by that
7  date.

8  On April 16, 2013, the Court's *Rand* notice, dated March 12, 2013, was returned as "not
9  deliverable as addressed" and "unable to forward." (Docket No. 125.)

10  On April 17, 2013, Plaintiff filed an untimely response to the Order to Show Cause.
11  (Docket No. 126.) In that response, he advised the Court that he was destitute and was forced to
12  move to a shelter, where he had been living since the first week of February 2013. He also
13  stated that he had not been served with Defendant's motion for summary judgment. Because
14  the Court received a written communication from Plaintiff within 60 days of the date on which
15  the March 12, 2013 Order was returned, the Court declined to dismiss the case.

16  That was not the first time the Court had provided Plaintiff with relief after he failed to
17  update the Court with a change of address.[1] (*See* Docket No. 76.) Therefore, on April 18, 2013,
18  the Court issued an Order and Final Warning to Plaintiff regarding the pending motion for
19  summary judgment. In that Order, the Court directed Defendant R. Lance & Sons Co., Inc. ("R.
20  Lance & Sons") to re-serve its motion for summary judgment on Plaintiff at the address set
21  forth in his response to the Order to Show Cause (Docket No. 126), and once again re-set the
22  briefing schedule and the hearing date on R. Lance & Sons' motion for summary judgment.

---

[1] Pursuant to Northern District Civil Local Rule 3-11(a), when a party's address changes during the course of litigation, it is that party's duty to "promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address." If a party fails to comply with that rule, "[t]he Court may, without prejudice, dismiss a complaint or strike an answer when: (1) Mail directed to [that party] by the Court has been returned to the Court as not deliverable; and (2) The Court fails to receive within 60 days of this return a written communication from the [party] indicating a current address." N.D. Civ. L.R. 3-11(b).

2

1 　　　　The Court also vacated the pre-trial and trial dates, and issued a final warning to
2 Plaintiff regarding his obligation to keep the Court apprised of any changes to his address and
3 his responsibility to prosecute this case.  The Court also expressly noted that it would be the last
4 time the Court would offer Plaintiff relief from dismissal or from the failure to comply with a
5 deadline that the Court had imposed.

6 　　　　The Court further ordered that Plaintiff **was required to file and serve** a response to the
7 motion for summary judgment by no later than **May 24, 2013**, and it stated that it would **not**
8 **continue this deadline**.  The Court granted Defendant until June 7, 2013, to serve and file its
9 reply brief, and the Court continued the hearing on the motion for summary judgment to June
10 21, 2013 at 9:00 a.m.  In addition, the Court once again provided Plaintiff with the notice
11 required by *Rand v. Rowland*, 154 F.3d 952 (9th Cir.1998) (en banc).  (*See* Docket No. 127
12 (Order and Final Warning to Plaintiff at 3:22-4:11.)

13 　　　　The Court also expressly advised Plaintiff that "**this Order constitutes the Court's**
14 **final warning to Plaintiff.  If Plaintiff fails to comply with this Order and fails to file an**
15 **opposition to R. Lance & Sons' motion for summary judgment by May 24, 2013, the**
16 **Court shall dismiss this action for failure to prosecute without any further notice to**
17 **Plaintiff.**"  (*Id.* at 4:12-15 (emphasis in original).)

18 　　　　Unfortunately, on May 1, 2013, the Order and Final Warning to Plaintiff was returned to
19 the Court as undeliverable.  (Docket No. 131.)

20 　　　　On April 30, 2013, however, Plaintiff filed a motion to set aside the judgment in this
21 case.  Plaintiff's address was the same address as the address to which the Court served its
22 Order and Final Warning to Plaintiff.  The Court denied that motion on May 2, 2013, and it has
23 not been returned.  (Docket Nos. 128-129.)

24 　　　　On May 28, 2013, Plaintiff filed an Objection to the Order denying the Motion for
25 Relief from Judgment, and the address on that motion also was the same address to which the
26 Court sent the Order and Final Warning to Plaintiff.  In that objection, as in his motion to set
27 aside the judgment, Plaintiff raised several arguments as to why earlier portions of this case
28 should be re-opened.  To date, Plaintiff still has not opposed the Defendant's motion for

summary judgment. This Court has afforded Plaintiff numerous opportunities to respond to that motion. It also has offered substantial deference to Plaintiff's status as a *pro se* litigant. However, as this Court has advised Plaintiff, he is expected to comply with the Federal Rules of Civil Procedure, the Local Rules. *See, e.g., Ghazali v. Moran*, 46 F.3d, 52, 54 (9th Cir. 1995) (noting that *pro se* litgants are bound by the rules of procedure), *cert denied*, 516 U.S. 838 (1995); Civil L.R. 3-9(a).

The Court shall not dismiss the case at this time, *solely* because the Order and Final Warning to Plaintiff was returned to the Court. However, the Court shall keep this matter on calendar for the hearing on Defendant's motion for summary judgment. That hearing is set for June 21, 2013 at 9:00 a.m., at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, 19th Floor, Courtroom 11, San Francisco, California, 94012. **If Plaintiff fails to appear for the hearing, the Court shall dismiss this case with prejudice.**

**IT IS SO ORDERED.**

Dated: June 4, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM J. WHITSITT et al,

    Plaintiff,

v.

JEAN ZEDLITZ et al,

    Defendant.

Case Number: CV08-01803 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 4, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William J. Whitsitt
39 Gateway Ct.
Apartment D14
Stockton, CA 95207

Dated: June 4, 2013

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk